**Roy E. SYKES, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

No. 654.

United States District Court
E. D. Kentucky,
Pikeville Division.

Jan. 19, 1962.

Dan Jack Combs, Pikeville, Ky., for plaintiff.

Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This action arises out of the denial by the Secretary of disability benefits provided by Section 223 of the Social Security Act as amended (42 U.S.C.A. § 423) and the establishment of a "period of disability" under Section 216(i) of the Act (42 U.S.C.A. § 416(i)). Both parties have moved for summary judgment and the case stands submitted.

The plaintiff, Roy E. Sykes, has been a coal miner throughout his working life, a period which has thus far covered 36 years. He was born in 1908 and has a seventh grade education. In 1952 it was found that Sykes was afflicted with silicosis and he was subsequently given a lump sum workman's compensation award of $3,600 based upon a 40% disability determination. From 1953 through the latter part of 1958, Sykes continued to work in the mines with some irregularity attributable to layoffs and chronic illnesses of unspecified character. There were three occasions when he was refused employment for inability to pass physical examinations. In December 1958 Sykes stopped working altogether and has had no gainful employment since. His main complaint was soreness throughout the chest, shoulders and extremities, at the time. He also suffered from shortness of breath but felt that if it weren't for this soreness, he would have been able to work. Sykes has also been troubled by prostatitis and a stomach ulcer since sometime before 1958.

On April 6, 1959 plaintiff filed his application for disability benefits and was denied payment. He has since pursued all administrative remedies without success and now appeals to the court pursuant to Section 205(g) of the Act (42 U.S.C.A. § 405(g)).

Under this section the jurisdiction of the court to review the administrative determination is limited as follows:

"* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Inasmuch as the plaintiff's request for review by the Appeals Council was denied, the decision of the Hearing Examiner is the final administrative decision on the application and represents the findings of the Secretary. Goldman v. Folsom, 3 Cir., 246 F.2d 776 (1957).

Examination of the record available for the determination by the examiner reveals a rather large number of letters and other statements by physicians on the subject of Sykes' physical condition. These contain an elaboration of diagnoses and other findings which could conceivably support a conclusion either way on the issue of disability. The inferences to be drawn from ambiguous and conflicting evidence are not to be determined by the court, however. Crooks v. Folsom, D.C.E.D.N.Y., 156 F. Supp. 631, 635 (1957). The court is therefore advised to leave untouched the finding of the examiner that the medical evidence does not permit a finding of disability.

The opinion in Hall v. Flemming, 6 Cir., 289 F.2d 290 (1961), remains as a hurdle to a final conclusion in this case. That case holds that where the disability benefits claimant is found to be disabled from performing his usual oc-

cupation, as the record in the instant case indicates with respect to plaintiff, before the Secretary may deny benefits he must have evidence as to what the claimant can do and what the employment opportunities are in the case of one with these abilities.

The recent decision in Stoliaroff v. Ribicoff, D.C.N.D.N.Y., 198 F.Supp. 587 (1961), seems to signal a tendency to back away from a broad application of the rule in Kerner v. Flemming, 2 Cir., 283 F.2d 916 (1960), and its progeny, including Hall v. Flemming, supra. The Stoliaroff opinion seeks to limit the Kerner rule to cases in which the claimant had unsuccessfully attempted work of a lighter nature than that involved in his accustomed occupation.

It is felt that this more limited application of the Kerner rule is consistent with the policy expressed in the Social Security Disability Insurance provisions. The Act was not intended to furnish relief from the privation due to lack of employment opportunities in general even as it may be aggravated by some physical affliction which does not fall within the narrow definition of disability expressed in the Act. Yet the Kerner rule in its broadest application would require in a case such as the present one that there be evidence on the employment opportunities available to the particular claimant.

It must be recognized that opportunities for employments of a sedentary nature or requiring a lesser degree of physical effort than the plaintiff's accustomed work are not readily available in eastern Kentucky where the plaintiff lives. For laboring men, or for those who have no ability to do work other than with their hands, manual labor is usually difficult and at times painful to a degree when they have reached late middle age. These are matters, however, which it may be assumed were considered by the Congress at the time of enactment of the legislation. The suggested distinction in geographic locality, job availability and manual labor could have been made by the Congress in enacting the legislation. If these considerations alone were the whole determining factor for recovery or no recovery in each case, there would be presented almost as many shades of application as there are cases. With no rule of guidance outside the statute, the terms of the statute should be strictly, but reasonably, applied to all cases. If the statute is too severe, it can be amended.

With this in mind, it is recommended that the reasoning embodied in the Stoliaroff case be applied to the present one. Here there is in fact a paucity of evidence as to what specific type of employment plaintiff could follow and of what opportunities there are in this field, but neither is there any evidence of an attempt by the plaintiff to engage in lighter work than his accustomed occupation such as would bring the case within the restrictive interpretation of the Kerner rule.

The motion of the plaintiff for summary judgment should be overruled.

The motion of the defendant for summary judgment should be sustained.

An order is this day entered.