**Charles F. TACKETT, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

No. 894.

United States District Court
E. D. Kentucky,
Pikeville.

Oct. 25, 1965.

Combs & May, Ronald W. May, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., F. P. Farmer, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

The plaintiff, Charles F. Tackett, of Hartley, Pike County, Kentucky, filed his application with the Social Security Administration on January 27, 1964, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The plaintiff exhausted all appropriate administrative procedure without success. Denial of review of the Hearing Examiner's adverse decision by the Appeals Council on November 19, 1964, rendered the decision of the Hearing Examiner, William A. Brewer, of October 27, 1964, the final decision of the defendant, Secretary of Health, Education and Welfare.

On November 27, 1964, plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for Court review of the defendant's final decision.

A certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective period of the application and will continue to meet such requirements through September 30, 1967.

A hearing was held at Pikeville, Ky., before Hearing Examiner William A. Brewer on October 19, 1964. At this hearing plaintiff was present with his counsel, Mr. Ronald W. May, and plaintiff testified in his own behalf. The exhibits numbered and filed in the record were introduced in evidence.

On October 27, 1964, Hearing Examiner William A. Brewer filed his decision in which he summarized the evidence presented in the case and stated his findings of fact and conclusions as follows:

"The claimant was born September 8, 1907. He finished grade school but did not go to high school. He was married in 1930 and has five

children, all of whom are grown. He owns a home on 20 acres of hillside land. His wife grows a garden. He has not applied for state aid but he gets surplus commodities. He has a 1958 English Ford which he drives, although he has no driver's license.

"The claimant was raised on a farm. At the age of 18 he went to work in the woods on a two-man crosscut saw, cutting mining timbers. He next worked for a road contractor with pick and shovel. He also helped build a garage. He poured concrete and did rough carpentry with hammer and a saw. He worked on construction work in Pike County helping to lay brick. He furnished mortar and bricks to the bricklayer. He worked on the Pike County Roads in 1935 as a truckloader. For some time he worked on the WPA doing stonework with a hammer and chisel. Between 1940 and 1942 he worked for one W. D. Tackett in a sawmill. He ran a small circular saw which cut wedges. From 1942 to 1949 he worked for the Koppers Coal Company. He was a handloader of coal. He drilled and shot coal. He also did timbering and laid track. At the hearing the claimant stated that he became sick and was off work from April to December 1949. He returned to work for twelve days and according to him 'took sick' again and the company would not let him work any more. He stated that between 1950 and 1957 he farmed, and that his children helped him make a living.

"In 1957 he went to work for the Kentucky State Highway Department on the bridge crew. He used a hammer and saw and did rough carpentry on wood bridges. From October 1957 to January 1959 he worked for the State on the highway maintenance crew. He was a flagman. He said that because of a change in administration he was cut off the job in February, 1960. He was put back on the flagman job in April, 1961. He continued as a flagman until September 23, 1963. He stated that he 'took sick' on the job. He said he had chest pain and his heart was skipping a beat. When he quit the flagman's job he was making $1.29 an hour. The claimant stated at the hearing that when he exerts himself he gets a burning in the chest and he coughs. He said he could walk pretty well on level ground but that if he tried to walk fast his chest burns and hurts. He said his chest 'gets tight' so he can't breathe. When asked by the Hearing Examiner what prevents him from doing rough carpenter work as he has done in the past, he stated 'I can't hold out and do a days work for no man'. When asked by the Hearing Examiner why he cannot do stonemason's work as he has in the past, he said that dust prevents him from doing that. He stated that dust also prevents him from being a flagman.

\*    \*    \*    \*    \*    \*

"Despite the claimant's numerous complaints and the hospitalizations, the objective medical evidence does not support a conclusion that the claimant has any significant medical impairment. \* \* \* Thus, the objective medical evidence supports only a conclusion that the claimant has mild to moderate osteoarthritis of the lumbar vertebrae. However, the evidence shows no substantial limitation of motion, severe degenerative processes of joint destruction, or muscle weakness. The osteoarthritis has not affected the claimant's extremities or his ability to move about or handle things. There is no evidence of swelling, deformities, atrophy, ankylosis, or other findings indicating a musculoskeletal condition of a disabling degree. He is quite able to get around and to drive his automobile. The Hearing Examiner gives evidentiary weight to the diagnoses of the psychiatrists,

Drs. Leet and Richie. He notes that since these examinations of 1950 and 1957, the claimant has worked for several years. Whatever impairment the claimant might have by reason of the psychoneurosis known as conversion reaction, or anxiety reaction, must be measured by the standards set by the Regulations for evaluating the disabling effects of psychoneurosis. They provide that the mere presence of psychotic or psychoneurotic symptoms and signs is not necessarily incompatible with the ability to perform substantial gainful activity. 20 CFR 404.1519 (c) (2). Consideration is given to whether the evidence shows regression or deterioration of the individual's intellectual, behavioral or emotional reactions and whether the defects so impair the effectiveness and predictability of the individual's behavior as to be incompatible with occupation activity. * * *

"The evidence does not support a conclusion that the claimant as a result of his neurosis has suffered social, personal, or occupational regression of the severity contemplated by the Regulation.

* * * * * *

"The medical evidence does not support a conclusion that the claimant has even a moderate impairment, much less one so severe as to prevent him form engaging in any substantial gainful activity. In the opinion of the Hearing Examiner, he has chosen not to work, but could do so if properly motivated. The Social Security Act does not provide voluntary retirement benefits, * *.

"The Hearing Examiner finds that the claimant has no physical or mental impairment, or a combination of them, that would prevent him from engaging in the substantial gainful activities that he has previously engaged in such as bricklayer's helper, stonemason, rough carpenter, or flagman.

"Claimant has failed to establish his inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, * * *. He is, therefore, not entitled to a period of disability or to disability insurance benefits under Sections 216(i) and 223(a) of the Social Security Act, as amended." (Tr. 16–20).

After "a careful examination of the evidence, the Hearing Examiner's decision, the claimant's contentions, and the request for review", the Appeals Council, on November 19, 1964, denied plaintiff's request for review. The action of the Appeals Council, above referred to, rendered the decision of the Hearing Examiner, William A. Brewer, of October 27, 1964, the final decision in the case, which the plaintiff herein seeks to have reversed pursuant to the claim herein pending.

Under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), it is provided that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

In Maloney v. Celebrezze, 337 F.2d 231, 233, C.A. 3, the Court said:

"* * * This statutory rule of finality extends not only to the basic evidentiary facts but also to the inferences of which such facts are reasonably susceptible."

In Domanski v. Celebrezze, 323 F.2d 882, C.A. 6, the Court said:

"We should first point out that in an action to review the decision of the Secretary the case is not tried de novo in the District Court. The review is limited to the record of the proceedings before the Secretary. In reviewing this record the Court is not authorized to adopt findings of fact of his own, but must accept the Secretary's findings of fact if they are supported by substantial evidence. When so supported, they are conclusive. 42 U.S.C. § 405; Hobby v. Hodges, 215 F.2d 754 (C. A. 10). The finality of the Secre-

tary's findings extends also to inferences drawn by him from the evidence."

Thus the Secretary, and not the Court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly.

The Court is of the opinion that the above findings of fact of the Hearing Examiner, as affirmed and approved by the Appeals Council, are supported by substantial evidence and are conclusive. Adkins v. Celebrezze, 330 F.2d 704, C.A. 6; Hall v. Celebrezze, 340 F.2d 608, C.A. 6; King v. Celebrezze, 341 F.2d 108, C.A. 6; Ward v. Ribicoff, 309 F.2d 157, C.A. 6; Sykes v. Ribicoff, 204 F.Supp. 725, 727, E.D.Ky.

In Celebrezze v. Bolas, 316 F.2d 498, 507, C.A. 8, the Court said:

"It is not the duty or the burden of the Secretary to find a specific employer and a specific job for the claimant."

For the reasons indicated, an order will be entered in conformity herewith affirming the action of the Appeals Council of November 19, 1964, and of the Hearing Examiner of October 27, 1964, and ordering that this action be dismissed.