**Jack SIZEMORE, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

No. 1184.

United States District Court
E. D. Kentucky.

Jan. 12, 1966.

Lester H. Burns, Jr., Manchester, Ky., James B. Miniard, Lexington, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant.

MEMORANDUM

HIRAM CHURCH FORD, District Judge.

The plaintiff, Jack Sizemore, of Lincoln, Kentucky, filed his application with the Social Security Administration on February 2, 1960, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

On November 8, 1961, Hearing Examiner J. Marker Dern issued a decision denying claimant's application.

On April 16, 1964, after the case had been appealed to this Court and remanded for further evidence, the Appeals Council filed its decision affirming the decision of the Hearing Examiner of November 8, 1961. This decision of the Appeals Council became the final decision of the defendant, Secretary of Health, Education and Welfare.

Plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for Court review and reversal of the defendant's final decision.

A certified copy of the transcript of record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective period of the application and continued to meet such requirements through March 31, 1963.

By this action, plaintiff challenges the final decision of the Appeals Council of April 16, 1964, affirming the decision of the Hearing Examiner of November 8, 1961.

The Appeals Council, in its final decision (Tr. 64–75), reviewed the proceedings in the case, carefully considered and summarized in detail the clinical findings, the opinions of the various physicians who testified, the results of laboratory studies and all of the medical and vocational evidence presented in the case, and stated its findings and conclusions as follows:

"(1) The claimant met the special earnings requirements in September 1959, the month of alleged 'disability' onset; and continued to meet such requirements through February 2, 1960, the filing date of his application.

"(2) The claimant, as of the period in issue (on or before February 2, 1960), failed to establish the presence of a medically determinable physical or mental impairment within the meaning of the Social Security Act and the Regulations promulgated thereunder. See 20 CFR 404:1510(a).

"(3) The claimant retained sufficient physical and mental capacity to continue working at his usual occupation of coal cutting-machine operator in the coal mines.

"(4) The claimant's vocational experience also qualifies him for many types of work activity not requiring strenuous physical exertion or exposure to coal dust, e. g., assembling, packing, sorting small articles, or manually feeding a machine.

"(5) The claimant was not under a 'disability' as defined in the Social Security Act at any time for which his application of February 2, 1960, was effective.

"It is the decision of the Appeals Council that the claimant is not entitled to the establishment of a period of disability or to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act for which he filed on February 2, 1960. The decision of the hearing examiner, accordingly, is affirmed." (Tr. 75).

Under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), it is provided that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

In Maloney v. Celebrezze, 337 F.2d 231, 233, C.A. 3, the Court said:

" * * * This statutory rule of finality extends not only to the basic evidentiary facts but also to the inferences of which such facts are reasonably susceptible."

In Domanski v. Celebrezze, 323 F.2d 882, 8 A.L.R.3d 687, C.A. 6, the Court said:

"We should first point out that in an action to review the decision of the Secretary the case is not tried de novo in the District Court. The review is limited to the record of the proceedings before the Secretary. In reviewing this record the Court is not authorized to adopt findings of fact of his own, but must accept the Secretary's findings of fact if they are supported by substantial evidence. When so supported, they are conclusive. 42 U.S.C. § 405; Hobby v. Hodges, 215 F.2d 754 (C.A. 10). The finality of the Secretary's findings extends also to inferences drawn by him from the evidence."

Thus the Secretary, and not the Court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly.

The Court is of the opinion that the findings and decision of the Hearing Examiner of November 8, 1961, and of the Appeals Council of April 16, 1964, are supported by substantial evidence and are conclusive. Adkins v. Celebrezze, 330 F.2d 704, C.A. 6; Hall v. Celebrezze, 340 F.2d 608, C.A. 6; King v. Celebrezze, 341 F.2d 108, C.A. 6; Ward v. Ribicoff, 309 F.2d 157, C.A. 6; Sykes

v. Ribicoff, 204 F.Supp. 725, 727, E.D. Ky.

In Celebrezze v. Bolas, 316 F.2d 498, 507, C.A. 8, the Court said:

"It is not the duty or the burden of the Secretary to find a specific employer and a specific job for the claimant."

For the reasons indicated, an order will be ·entered in conformity herewith affirming the action of the Appeals Council of April 16, 1964, and of the Hearing Examiner of November 8, 1961, and ordering that this action be dismissed.