**Ira Lee BOBB, Plaintiff,**

v.

**John W. GARDNER, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 5013.**

United States District Court
D. South Carolina,
Greenwood Division.

April 26, 1966.

Robert D. Schumpert, of Pope & Schumpert, Newberry, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff brings this action for judicial review of a final decision of the Secretary of Health, Education and Welfare denying an application to establish a period of disability under section 216(i) of the Social Security Act, 42 U.S.C.A. section 416(i), and for monthly disability insurance benefits pursuant to section 223 of the Act, 42 U.S.C.A. section 423.

Jurisdiction is granted this court under section 205(g) of the Act, 42 U.S. C.A. section 405(g), which provides:

> Any individual, after any final decision of the Secretary * * * may obtain a review of such decision by a civil action * * *. Such action shall be brought in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or re-

versing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

The scope of judicial review being thus limited, this court has no authority to try the issues de novo but must scrutinize the record as a whole to determine whether there is substantial evidence to support the decision of the Secretary. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). If there is substantial evidence in the record to support the decision, it is conclusive and must be affirmed. 42 U.S.C.A. section 405(g). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The record reveals that although plaintiff was raised in a farm home, he left the farm at the age of sixteen without having acquired any but the most simple agrarian skills. There followed a period of fifteen years as a "bander" and an "oiler" in the textile mills, and more recently a period of unsustained efforts at work outside the mills as a store delivery clerk. During these times he acquired a wife—who yet labors in the mills—three children, a home and a mortgage, and a 1957 Buick automobile. However, the rigors and pressures of these years did not leave him untouched. He was able to work less and less and by 1964 he had not worked in two years.

Plaintiff filed his application for disability insurance benefits in 1964 stating that he had become disabled in 1962, his thirty-eighth year, due to a "lung condition" which prevented him from working in lint laden air and which caused him to be too weak to withstand the exertions of picking up the boxes in the store. He describes it in this manner:

The way my condition is my frozen lungs—when normally not doing anything I feel okay, but if I do anything that's exhausting naturally it takes more breath, and when I do have to get more breath its frozen at the bottom and I don't get it and get exhausted. That's the way it acts. It's no disease, and when I get exhausted and keep on doing anything naturally I'm liable to have a hemorrhage or fall out or anything.

The claim was disallowed; which was affirmed on request for reconsideration. A hearing was had upon which the Examiner made the following findings:

* * * * * *

(3) He has a seventh grade elementary school education.

(4) He is suffering from mild to moderate pulmonary emphysema, bronchospasm and bronchitis. The hearing examiner also finds that claimant can do and perform average activities, and his principal impairment seems to be musculoskeletal chest pain and he should avoid heavy lifting, or working in rooms where there is lint or dust.

(5) There are some suggestions that claimant is suffering from an anxiety reaction. However, there is no evidence of regression or deterioration of the intellectual, behavioral, or emotional reactions, such as to impair the effectiveness and predictability of his behavior so as to be incompatible with occupational activity * * *.

(6) Claimant is able to move about, handle objects, see, hear, speak and understand and to engage in light and/or sedentary work.

* * * * * *

The Appeals Council affirmed the decision of the Hearing Examiner that plaintiff was not entitled to disability benefits. That being the final decision of the Secretary the matter is properly before this court for judicial review.

Doctor Mills, the plaintiff's family doctor, stated that plaintiff "was treated by me in 1956, 1957, and each year until 1963 for many minor illnesses. Underlying all of these complaints is a chronic anxiety state. He was evaluated by both Dr. Montgomery (Newberry) and Dr. Ben Miller of Columbia. Attached is a statement of Dr. Miller of 1963."

Doctor Miller, to whom plaintiff was referred and who has continued to treat plaintiff, stated succinctly and unequivocally: "Mr. Bobb was examined on August 29, 1963. He has no infectious or contagious disease. It is my opinion that he is physically able to do manual work."

Doctor Montgomery of Newberry reported in 1964 that his present condition was "shortness of breath" and "decreased chest expansion." He stated that there was no definite disease found, and he placed no restrictions on the patient's activities.

An X-ray report was submitted May 13, 1964 which observed: "Examination of the chest shows normal heart and aorta. A slight fibrotic pattern is seen in the chest but I do not see any active soft disease."

Doctor Muller, of Greenville, in the last of several reports he returned, observed "chronic pulmonary emphysema, moderate history of bronchospasm and bronchitis, possible emotional component superimposed," and noted that plaintiff could "do average activities probably if allowed to rest periodically."

The "chronic anxiety state" and the "possible emotional component" referred to evidently was found to warrant further investigation for neuropsychiatric consultation followed with Doctor Huggins of Columbia. His impression:

Apparently we are dealing with an individual who has quite effectively somatized his anxiety. It is apparent that he is more anxious than he experiences consciously and he is channeling a great deal of this anxiety into his pulmonary and gastrointestinal systems. It is true that he has some justifiable and identifiable pulmonary disease, yet at the same time his symptoms are out of proportion to the amount of physical impairment present. He also has gastrointestinal symptoms of similar etiology. He seems to unconsciously enjoy his present situation and the attention he is getting from it. He finds it much more acceptable to have a physical complaint than to face his emotional problems. Without intensive psychotherapy it is doubtful that this man would show much change in his present psychophysiological reaction

DIAGNOSIS:

(1) Psychophysiologic respiratory reaction

(2) Psychophysiologic cardiovascular reaction

This patient's condition would not prevent his managing any benefit payments which he might receive in his own interest.

It should be noted that no examining physician maintains that the plaintiff suffers a disability to engage in substantial gainful activity. The report of the psychiatrist only relates plaintiff's unconscious anxieties to their physical manifestations. The emotional component alone, or superimposed on his physical condition, is not severe, and does not evince a disability within the meaning of the Act. Compare Beggs v. Celebrezze, 356 F.2d 234 (4th Cir. 1965) (anxiety and mental disability).

The plaintiff is responsive to medication. The psychiatrist's report indicates that the anxiety is remediable and implies that successes here would benefit the organic disorders.

The plaintiff hunts. He testifies that he has no stamina but the implication that he felt up to the attempt to go hunting for sport is not wholly disregarded. He can drive his automobile for distances of at least one hundred miles. He maintains that he was not able to continue as a deliveryman not because he could not drive but because the grocery packages were too heavy. He feels that he could do light or sedentary work.

After reviewing the record, the findings of the Hearing Examiner seem to depict with accuracy the mental and physical state of the plaintiff. However, we are not called upon, or empowered, to adopt those findings. If the findings are supported by substantial evidence they are conclusive. Substantial evidence has been defined as being more than a scin-

tilla and less than a preponderance. Kelly v. Celebrezze, 220 F.Supp. 611 (W.D. S.C. 1963). It is also that evidence which is sufficient to justify a refusal to direct a verdict had the case been tried before a jury. Id. at 614; Woolridge v. Celebrezze, 214 F.Supp. 686 (D.C.W.Va. 1963).

In view of the foregoing medical testimony, and plaintiff's own testimony, this court cannot hold that the decision of the Secretary was unsupported by substantial evidence in the record. It follows that the decision must therefore be affirmed.

And it is so ordered.