**Milton W. POWELL, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, and Welfare Social Security Administration, Washington, D. C., Defendants.**

**No. 1621.**

United States District Court
E. D. Kentucky,
Lexington Division.
June 24, 1968.

John W. Collis, Lexington, Ky., for plaintiff.

George I. Cline, U. S. Atty., J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, Chief Judge.

The plaintiff, Milton W. Powell, filed this action on January 16, 1965, under the provisions of 42 U.S.C. § 405(g).

His application for a period of disability and for disability insurance benefits was first filed on July 17, 1963 and alleged that he became unable to work in February 1963. The application was denied on November 6, 1963. It was reconsidered and again denied on March 2, 1964. Upon request of the claimant, a hearing was had on August 3, 1964 at which he appeared with his attorney, Mr. Darrell B. Hancock, and testified at

length as to his physical condition. Thereafter, on September 9, 1964, the hearing examiner found that Mr. Powell was not entitled to disability insurance benefits or to a period of disability under applicable sections of the statute. 42 U.S.C. §§ 423(a), 416(i). The Appeals Council denied his request for review on November 20, 1964 and on that date the hearing examiner's decision became the final decision of the Secretary.

On April 22, 1965, upon proper motion by the Secretary, the case was remanded to the Secretary for further action pursuant to 42 U.S.C. § 405(g).

On July 7, 1965 another extended hearing was held at which the plaintiff appeared with his attorney, Mr. John W. Collis. Testimony was also offered by two physicians and a vocational consultant. On July 23, 1965, the hearing examiner prepared a recommended decision that the claimant was not under a disability.

On July 29, 1965, the plaintiff filed objections to the hearing examiner's decision. While the record was being considered by the Appeals Council, it advised the plaintiff's attorney of his right to submit evidence and comments in connection with amendments to the Social Security Act enacted on July 30, 1965. Accordingly, on August 31, 1965, the attorney submitted "Claimant's Supplemental Memorandum of Exceptions to the Findings, Conclusions, and Recommended Decision of the Hearing Examiner". A medical report from Dr. Claud M. Bays, dated August 19, 1965, was attached and admitted into the record as an exhibit. Dr. Bays' report indicated that the plaintiff's nervous condition had grown worse and that he was then a poor candidate for stomach surgery. Thereupon, in view of the 1965 Amendments, extending the life of the claimant's application filed on July 17, 1963, the Appeals Council postponed a final decision until additional evidence could be obtained to provide a basis for a current adjudication.

Arrangements were made for the plaintiff to be admitted to the University of Kentucky Medical Center, at government expense, for a full medical evaluation. The medical evaluation was never completed because on February 6, 1966, three days after admission, the plaintiff left the hospital (against medical advice) because he had a job and was afraid he would lose it if he stayed in the hospital.

Investigation was made and on May 31, 1966, the plaintiff's attorney acknowledged the evidence of his work activity and indicated that the only issue was whether a period of disability could be found between the original filing date and December 1965 when the plaintiff returned to work. With all the evidence and exhibits admitted, the case was then finally reviewed by the Appeals Council. On July 29, 1966, it held that the plaintiff was not entitled to benefits under the provisions of the Social Security Act, as they existed either prior to or subsequent to the Amendments of 1965.

The case was then redocketed in this court upon proper motion, on September 2, 1966. The transcript, consisting of 432 pages, including the original application, hearings, exhibits and decisions, was filed on September 7, 1966. A motion for summary judgment was filed by the Secretary on October 25, 1966.

Briefs were filed and the record is now before this court for final determination.

■ The Secretary's findings of fact and the reasonable inferences which he drew from the evidence are conclusive if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Domanski v. Celebrezze, 6 Cir., 323 F.2d 882, 8 A.L.R.3d 687 cert. denied, 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed. 2d 976; Davis v. Gardner, 6 Cir., 395 F.2d 681 (decided May 27, 1968). Thus the Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. Sizemore v. Celebrezze (D.C. Ky.), 272 F.Supp. 770 (1966).

**598**

The plaintiff is a skilled workman with wide work experience, even though during the past few years he has worked almost entirely as an automobile body repairman. He bases his claim for disability on "stomach condition, hearing loss and sinus condition". (Transcript, Page 254). The record is replete with medical history and testimony, hospital records, and findings based on physical examinations of the plaintiff.

■ There is substantial evidence in the record to support the Secretary's finding that the plaintiff was able to engage in substantial gainful activity during the period in question. On December 1, 1965, he returned to work in his usual occupation as a body and paint man in the automobile repair business on a commission basis at approximately $400 per month. While there is medical evidence that during the claimed period he had some disability caused by a chronic peptic ulcer, which responded to treatment and proper diet, his impairment did not render him unable to engage in any substantial gainful activity for any period as long as twelve months.

Not only was the plaintiff found to be able to engage in the work activity he had performed in the past, but the vocational consultant, Dr. Charles E. Elton, stated "there's a wide variety of tasks, in my judgment, that Mr. Powell is able to do." (Transcript, Page 231).

■ The very voluminous record and the administrative proceedings outlined in this memorandum show the careful consideration which the Secretary has given to the plaintiff's claim. However, the party applying for disability benefits has the burden of proving the requisite disability, 42 U.S.C. § 423(c); Henry v. Gardner, 6 Cir., 381 F.2d 191 (1967).

It is the opinion of the court that the Secretary's decision is supported by substantial evidence and an order sustaining the Secretary's motion for summary judgment is this day entered.