**Harry SELL, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant.**

**No. 321.**

United States District Court
E. D. Kentucky,
Richmond Division.

Dec. 12, 1968.

Paul E. Hieronymous, McKee, Ky., for plaintiff.

George I. Cline, U. S. Atty., J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM

SWINFORD, Chief Judge.

The plaintiff, Harry Sell, brings this action under the provisions of 42 U.S.C. § 405(g).

His original application for a period of disability and for disability insurance benefits was filed on July 15, 1965. At that time he was 61 years of age and he alleged that he became unable to work on June 8, 1965. The application was denied initially and on reconsideration. The plaintiff then appeared before the hearing examiner at Lexington, Kentucky on October 25, 1966, and testified at length relative to his application for disability benefits. The decision of the hearing examiner was made on November 16, 1966. The Appeals Council then considered the claimant's request for review and adopted the decision of the hearing examiner as its own. By this action on June 9, 1967, the decision denying the claimant a period of disability and disability benefits under the Social Security Act became the final decision of the Secretary. This action was then timely filed on July 27, 1967.

On November 17, 1967, the defendant filed an answer and the transcript of the proceedings relative to the plaintiff's application. Motions for summary judgment and briefs were filed by both parties.

The court took the record up for consideration and on June 28, 1968, remanded the case to the Secretary for the purpose of clarification of the legal standards which the Secretary and his hearing examiner applied to the evidence in reaching the decision that the claimant was not disabled within the meaning of the Act.

The order of August 9, 1968, of the Appeals Council remanding the case to the hearing examiner stated as follows:

"The United States District Court for the Eastern District of Kentucky by order dated June 28, 1968, having remanded this case to the Secretary of Health, Education and Welfare for further administrative action, the Appeals Council hereby orders:

That the denial, by the Appeals Council on June 9, 1967, of the claimant's request for review of the decision of Hearing Examiner Leon J. Moran issued on November 16, 1966, is vacated;

That this case is remanded to Hearing Examiner Frank S. Gillespie for further proceedings; and

That the hearing examiner shall provide adequate opportunity to the claimant to comment on any additional evidence, to submit material evidence, to raise pertinent objections, to examine and cross-examine witnesses, and to propose findings of fact and conclusions of law. Upon completion thereof, the hearing examiner shall issue his recommended decision. The claimant's exceptions, if any, to the findings, conclusion, and recommended decision of the hearing examiner shall be filed with the Appeals Council within 20 days from the date of such decision. After the expiration of such period, the Appeals Council will review the record and issue its decision adopting, confirming, modifying, or rejecting the recommended decision of the hearing examiner." (Tr—168)

On September 12, 1968, a supplemental hearing was held at which the plaintiff and his attorney appeared. The testimony of Dr. Harvey Chenault, Dr. Richard F. Hench and the plaintiff was heard and additional exhibits were filed. Thereafter on September 27, 1968, the hearing examiner made his recommended decision denying the plaintiff benefits under the Social Security Act to which the plaintiff's attorney objected. On October 25, 1968, the Appeals Council affirmed the decision of the hearing examiner. By motion and order of November 22, 1968, the case was redocketed and the supplemental transcript was filed.

The record is again before the court on the motions for summary judgment.

The plaintiff, because of his age, is receiving reduced old-age insurance retirement benefits. He lives on and owns a 1,000 acre farm in Jackson County, Kentucky of which 800 acres is timber land and the remaining 200 acres is cultivatable land. His tobacco base of 3.85 acres is rented to a share cropper. He

has worked mainly as a self-employed farmer, although he has been employed in the industrial areas of Cincinnati, Indiana and Detroit in machine shops. This work involved the operation of milling machines, lathes, a drill press, etc. As a very young man he worked in a large tannery and "done every kind of job. Foreman of the shop and everything they had. I learned the whole trade." (Tr—28) As late as June of 1966, he worked for about a month in a machine shop in Cincinnati and prior to that had sought employment with General Electric there but failed to pass a vocational test.

The plaintiff complains of pain in his left side for which he takes pain pills. He had a head injury in 1965 and 1966. Both resulted in brief periods of hospitalization and both responded satisfactorily to treatment. At the time he filed his application in July of 1965, he claimed he became unable to work because of a "brain concussion". However, he testified before the hearing examiner that, "I got a lot of pains in it (head) but I could work with that, you see, as long as I don't get too hot but that side here, that's the main thing right in here; I can't lift, I can't dig, or shovel, or nothing." (Tr—42)

The medical evidence shows some osteoarthritis of the cervical spine, but not of a disabling nature. The cranial nerves, motor, sensory, reflex, coordination systems are normal. (Exhibit 34) There is no significant abdominal condition. The psychiatric examinations showed no gross psychotic symptoms. He was found able to read, write and converse adequately. His memory was not impaired, his judgment was adequate, and he was considered competent. Dr. Champ Ligon, a psychiatrist, employed at government expense recommended psychiatric treatment. This recommendation was apparently made because of his psychiatric diagnosis of "emotionally unstable personality". Dr. Ligon also stated that his "pre-illness intelligence and personality were estimated respectively as Borderline Defec-

tive and Adequate." Since the plaintiff has been gainfully employed for many years, any personality problems which he has, and which Dr. Ligon feels would be helped by psychiatric treatment, would not preclude him from "substantial gainful activity". The two psychologists examining him concurred that "Mr. Sells is currently functioning in the AVERAGE range of intelligence * * *. Total test results and observations of behavior indicate he should be able to function independently and accept responsibility." (Tr—131)

His personal physician, Dr. J. C. Baker, on September 8, 1966, stated that the plaintiff is "unable to do manual labor". (Tr—136)

Dr. Chenault, a neurological surgeon, who testified at the supplemental hearing had examined the plaintiff and, in view of the court's request for clarification of the examiner's findings, gave very explicit reasons for his conclusions that the plaintiff's symptoms did not indicate agonizing or extremely severe pain but rather that it was a modest or mild pain. (Tr—184)

Dr. Hench testified that in all likelihood the plaintiff's headaches are related to the cervical arthritis, secondary nerve irritation and muscular tension, all of which are amenable to significant improvement by treatment. (Tr—199)

The hearing examiner has found that:

"1. The claimant's impairments are degenerative osteoarthritis of the cervical spine with headaches; residuals from healed skull fractures and emotionally unstable personality.

2. The impairments as shown in (1) do not prevent the claimant from performing substantial gainful activity.

3. The headaches are pain caused by the cervical arthritis and are of a modest, moderate or mild degree, are readily relieved by medication and would not cause a loss of body function that would interfere with substantial gainful activity.

4. The evidence does not establish that the claimant has a severe agoniz-

ing protracted pain caused by a mental or psychiatric impairment.

5. The evidence does not establish that the claimant is under a disability as described in the Social Security Act, as amended.

## DECISION

It is the recommended decision of the Hearing Examiner that the claimant, based on his application filed July 15, 1965, is not entitled to a period of disability or to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, as amended." (Tr—164)

These findings and decision were adopted by the Appeals Council and thus became those of the Secretary.

 The Secretary's findings of fact and the reasonable inferences which he drew from the evidence are conclusive if they are supported by substantial evidence in the record. 42 U.S.C. § 405 (g); Domanski v. Celebrezze, 6 Cir., 323 F.2d 882, 8 A.L.R.3d 687, cert. denied, 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976; Davis v. Gardner, 6 Cir., 395 F.2d 681; Lewis v. Gardner, 6 Cir., 396 F.2d 436. The Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. Sizemore v. Celebrezze, D. C.Ky., 272 F.Supp. 770 (1966).

 The court must conclude from the whole record in the case that the findings of the Secretary are supported by substantial evidence.

 The Court of Appeals for the Sixth Circuit has consistently held that, once the Secretary finds from substantial evidence that the claimant is able to engage in a former trade or occupation, such a determination "precludes the necessity of an administrative showing of gainful work which the appellant was capable of doing and the availability of any such work." May v. Gardner, 6 Cir., 362 F.2d 616.

The court is also satisfied, by the evidence adduced at the supplemental hear-ing, that the hearing examiner used the proper standards in reaching his determination that the plaintiff should not be awarded disability benefits. The court was concerned, as pointed out in the memorandum and order of June 28, 1968, that the law be applied as set out by the Court of Appeals for the Sixth Circuit in Whitt v. Gardner, 389 F.2d 906. See also Walters v. Gardner, 6 Cir., 397 F.2d 89.

An order sustaining the defendant's motion for summary judgment is this day entered.