385 F.Supp. 780 (1974)
Arthur O. BROWN, Jr., Plaintiff,
v.
Caspar WEINBERGER, Secretary of Department of Health, Education and Welfare, Defendant.
No. 74-182C (A).
United States District Court, E. D. Missouri, E. D.
November 26, 1974.
James W. Sherby, Legal Aid Society, St. Louis, Mo., for plaintiff.
*781 J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION
HARPER, District Judge.
This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare. This matter is before the Court on motions by both parties for summary judgment with supporting brief.
On June 15, 1972, plaintiff filed his application (Tr. 76-79) to establish a period of disability, as provided in 42 U.S.C. § 416(i), and to obtain disability insurance benefits, as provided in 42 U.S.C. § 423. The application received consideration and reconsideration by the Social Security Administration (Tr. 80-81, 82-84) and the claim was denied.
On July 17, 1973, at plaintiff's request a hearing was held, at which he appeared and testified (Tr. 32-63). On August 13, 1973, the administrative law judge rendered a decision unfavorable to plaintiff (Tr. 20-25). The plaintiff then requested the Appeals Council to review the decision of the hearing examiner. The Appeals Council, after receiving additional evidence, affirmed the decision of the administrative law judge (Tr. 3-7). Thus, the decision of the administrative law judge became the final decision of the Secretary of Health, Education and Welfare. The plaintiff timely filed for judicial review on March 11, 1974. The Secretary of Health, Education and Welfare filed a transcript of the record of the proceeding with his answer to the complaint.
In the plaintiff's application for disability benefits, the decision of the administrative law judge stands as the final decision of the Secretary. The findings issued by the administrative law judge (Tr. 24) were:
"1. The claimant met the special earnings requirements on April 1, 1972, the alleged date of disability onset, and continued to meet them at least through the date of this decision.
"2. The medical evidence establishes a psychiatric illness that is manifested by olfactory hallucinations.
"3. This condition is not of such severity that the claimant is precluded from his usual work activities.
"4. The claimant was not prevented from engaging in any substantial gainful activity for any continuous period beginning on or before the date of this decision which has lasted or could be expected to last for at least 12 months.
"5. The claimant was not under a `disability', as defined in the Social Security Act, as amended, at any time prior to the date of this decision."
42 U.S.C. § 405(g) provides that the District Court may, upon the pleadings and transcript of the record, enter judgment affirming, reversing or modifying the final decision of the Secretary. This section in part provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Substantial evidence is defined in Celebrezze v. Bolas, 316 F.2d 498 (CA8 1963), l.c. 501: "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole."
"Disability" is defined in 42 U.S.C. § 423(d)(1)(A) as the "Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."
In 42 U.S.C. § 423(d)(5), the Act places the burden of proving the disability upon the plaintiff as follows: "An individual shall not be considered to be under a disability unless he furnished such medical and other evidence of the existence thereof as the Secretary may require."
*782 The only issue before the Court, therefore, is whether there is substantial evidence to support the Secretary's decision that plaintiff failed to prove that he was under a disability as contemplated by the Social Security Act (see definition, supra). According to 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the court if supported by substantial evidence. (Cody v. Ribicoff, 289 F.2d 394 (CA8 1961); Celebrezze v. Bolas, supra.
The Court has examined the transcript of the proceedings and exhibits before the hearing examiner (Tr. 32-123) and the additional evidence and exhibits before the Appeals Council (Tr. 124-141). The plaintiff's application for disability benefits filed June 15, 1972, is predicated upon his alleged inability to work on or before April 1, 1972, due to olfactory hallucinations in that he intermittently smells odor of feces. Plaintiff thinks his body emits such an odor and therefore, he avoids associating with other people because he is afraid of being insulted. During his hearing in July, 1973, plaintiff stated that this condition has existed periodically since 1968 (Tr. 37).
Plaintiff was born in 1947. At his hearing he testified that he completed one year of a three-year course in auto mechanics and joined the Army at the age of 17, where he was trained as a mechanic. Since his discharge from service he has held numerous jobs, including worker in an automobile factory, janitor, car washer, house painter, telephone solicitor, and drill press operator (Tr. 42-47, 131-135). At various times from 1968 up to the date of his hearing he worked for temporary labor pools. When plaintiff prepared his statement of December 7, 1973, he was actively working as a truck driver (Tr. 135).
Plaintiff's psychiatric problem has been classified as schizophrenia by all of the doctors whose reports appear in the record. At the hearing plaintiff testified that when his condition first developed he noticed it "all the time for about six months" (Tr. 47). After obtaining medication from a physician in St. Louis City Hospital he was able to work for some six months before seeking help at Malcolm Bliss Mental Health Center (Tr. 48). From December, 1970, to March, 1971, plaintiff received psychiatric day care treatment from Malcolm Bliss, the results of which were reported by Dr. Kimon Efstathianos (Tr. 108). On March 15, 1971, Dr. Efstathianos reported that plaintiff had "improved considerably" and that the olfactory hallucinations which had previously caused plaintiff to be withdrawn had abated considerably and no longer constituted any "major source of delusional conviction." He saw no reason to recommend any restrictions on plaintiff's daily activities (Tr. 108). Plaintiff testified that he did not experience his odor problem for about four months after his release from Malcolm Bliss (Tr. 49), during which time he attended Junior College and worked at Firmin Desloge Hospital in St. Louis. The problem reoccurred in 1971; however, plaintiff stated at his 1973 hearing that "from '71 to now it happened a lot less frequently" (Tr. 50). On June 9, 1972, plaintiff was admitted to Jefferson Barracks Veterans Hospital in St. Louis where he again underwent psychiatric treatment. Dr. Richard L. Harrison, a psychiatrist, described plaintiff's condition as depression secondary to the loss of a job and a delusional belief that he had been emitting an unpleasant body odor for some five years. Physical examination disclosed no abnormalities and with treatment, plaintiff made a "rapid and salutary reintegration toward his optional level of functioning" (Tr. 109). Plaintiff was released on July 31, 1972, and was considered competent on discharge.
Dr. John M. Anderson, a psychiatrist (Tr. 122), examined plaintiff at the request of the Missouri Disability Determination Unit on December 22, 1972. At this time plaintiff disclosed that he consumed alcohol and used marijuana. Although rendering a diagnostic impression of schizophrenia, Dr. Anderson *783 showed that plaintiff had adequate possession of his mental faculties other than for a mild impairment of recent memory. Specifically, plaintiff was oriented without any delusions, illusions, or hallucinations, had a satisfactory retention and recall, demonstrated a good remote memory, could count and calculate in adequate fashion, and possessed a fair insight and judgment (Tr. 120-121).
On October 20, 1973, Dr. Voislav F. Ognyanov, a psychiatrist (Tr. 123), also undertook an examination of plaintiff for the Missouri Disability Determination Unit (Tr. 124-127). Plaintiff informed Dr. Ognyanov that he had just been fired from a factory job which he held for 1½ months because of absenteeism and being late for work. Plaintiff acknowledged that he consumed alcohol heavily whenever he could afford it. His chief complaint to Dr. Ognyanov was his belief that he smelled and, therefore, he avoided company because of the fear of being insulted.
On the basis of his psychiatric examination, Dr. Ognyanov diagnosed plaintiff's problem as schizophrenia of the chronic undifferentiated type and habitual excessive drinking. He registered the opinion that it would be unrealistic to hope that plaintiff would be able to obtain gainful employment in the foreseeable future (Tr. 125). Nonetheless, in a specific assessment of plaintiff's residual neuropsychiatric capacity, Dr. Ognyanov concluded that plaintiff's capability for comprehending and following instructions was good, that plaintiff retained a fair ability to perform work where contact with others would be minimal, and that his capacity for performing simple repetitive tasks was fair (Tr. 126-127).
This Court has engaged in a thorough and sympathetic review of plaintiff's record. The medical evidence established that plaintiff periodically experiences hallucinations that he emits an unpleasant body odor. It is apparent that this condition has caused him to withdraw from contact with others, to experience periods of depression and to frequently consume alcohol. However, it is the Court's opinion that there is substantial evidence to support the decision of the Secretary that plaintiff is not disabled within the meaning of 42 U.S.C. § 423(d).
Plaintiff's schizophrenic condition has responded to medical treatment. Each time he has submitted to treatment in the past his condition was alleviated for a period of several months, and he testified that it has recently occurred with much less frequency. The Court of Appeals for the Sixth Circuit in the case of Henry v. Gardner, 381 F.2d 191 (1967), cert. denied 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1968), rehearing denied 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968), laid down the rule to be applied in cases where an impairment can be remedied by treatment. The court stated at page 195:
"An impairment that can be remedied by treatment will not serve as a basis for a finding of disability. `An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity.' Section 404.1502(g), Social Security Regulations No. 4 (20 C.F.R. 404.1502(g)). See also, Purdham v. Celebrezze, 349 F.2d 828 (C.A.4)."
Several courts have applied this reasoning to deny a request for a finding of disability based upon a remediable mental condition. See Crawley v. Finch, 300 F.Supp. 1343 (E.D.Ky.1969); Sell v. Cohen, 293 F.Supp. 684 (E.D.Ky. 1968); Bobb v. Gardner, 253 F.Supp. 610 (D.S.C.1966).
Plaintiff contends that the Secretary's decision in the instant case is defective in two major respects. First, it is suggested that there is not substantial evidence to support the finding that plaintiff has the ability to perform any substantial gainful activity. *784 Plaintiff has stated that he was first bothered by his condition in 1968. The record reveals that plaintiff has held many jobs since the alleged onset of his disability and was working as a truck driver at the time of his last statement dated December 7, 1973 (Tr. 135). It has been held that where an individual can engage in his former work he is not disabled. Trujillo v. Richardson, 429 F.2d 1149 (CA10 1970); Mark v. Celebrezze, 348 F.2d 289 (CA9 1965). Work after the alleged onset of disability indicates that a plaintiff is not disabled within the meaning of the Act. Price v. Richardson, 443 F.2d 347 (CA5 1971); Kutchman v. Cohen, 425 F.2d 20 (CA7 1970); DeNafo v. Finch, 436 F.2d 737 (CA3 1971). Section 404.1532(a) of Regulations No. 4 of the Social Security Administration, 20 CFR 404.1532(a), provides in pertinent part:
"If an individual performed work during any period in which he alleges that he was under a disability * * * the work performed may demonstrate that such individual has ability to engage in substantial gainful activity * * *."
Plaintiff's second major objection to the Secretary's decision is that the administrative law judge did not receive any evidence as to the success of plaintiff's attempts to locate employment. However, as was stated in Whiten v. Finch, 437 F.2d 73 (CA4 1971), at page 74:
"[T]he 1967 amendments to the Act have deprived that consideration of relevancy. Under the amended Act, the courts are not to be concerned about the availability of jobs in the community or even their availability to one with the claimant's impairments, but only with the question of the claimant's ability to engage in gainful activity."
See also Brown v. Finch, 429 F.2d 80 (CA5 1970) at pages 82-83; Woods v. Finch, 428 F.2d 469 (CA3 1970) at page 470.
The relevant evidence in the record as a whole is sufficient for a reasonable mind to accept it as adequate evidence to support a conclusion that plaintiff was able to perform substantially gainful work and that at no time for a continuous period of at least 12 months through August 13, 1973, the date of the filed administrative decision, did plaintiff lack the physical and mental capacity to undertake work activity related to or similar to his past and present job experience and consistent with his age and education. Therefore, the Court finds that the Secretary's decision that plaintiff was not disabled on or before August 13, 1973, is supported by substantial evidence.
Accordingly, the motion of the plaintiff for summary judgment is denied and the motion of the defendant for summary judgment is sustained. The clerk of the court will prepare and enter the proper order to that effect.