Blane L. STEFFES, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 1–C 78–3030.

United States District Court,
N. D. Iowa, C. D.

Feb. 1, 1979.

David E. Green, Carroll, Iowa, for plaintiff.

Thomas G. Schrup, Asst. U. S. Atty., Cedar Rapids, Iowa, for defendant.

ORDER

McMANUS, Chief Judge.

This matter is before the court for judgment on the merits pursuant to the Magistrate's November 7 and December 1, 1978

orders. All briefs and arguments having been received, the Secretary of Health, Education and Welfare's (Secretary's) decision is affirmed.

■ In this action claimant appeals from the Secretary's final determination denying him disability benefits under 42 U.S.C. § 223. Review is authorized under 42 U.S.C. § 405 and limited to a determination of whether the Secretary's findings are supported by substantial evidence. After reviewing the lengthy transcript and the Administrative Law Judge's (ALJ's) findings and conclusion, the court is convinced that although there is persuasive and substantial evidence supporting claimant, there is also substantial evidence supporting the Secretary's denial of benefits.

Particularly telling was the testimony of Dr. F. M. Skultety of the University of Nebraska Medical School who treated claimant in 1977 for persistent back pain. At that time examination showed that he walked stiffly and leaned heavily on a cane, suffered marked spasm of the paraspinous muscles on the right and had a scoliosis concave to the right in the dorsal region. He was markedly tender to pressure in the right paravertebral region. Motion was markedly limited in all directions. He also had neurological symptoms. Dr. Skultety stated he believed claimant's pain was "real to him." He diagnosed claimant's case as chronic intractable backache.

During treatment at the Nebraska Pain Rehabilitation Unit, claimant's reliance on pain killers was significantly reduced by systematically administering drugs and placebos in disguised forms. Exercise and calisthenics were also part of the treatment program.

Dr. Skultety further stated that:

"We never had the feeling that we got much of a sense of commitment out of Mr. Steffes . . ."

In fact claimant left the pain treatment unit earlier than recommended by Skultety.

The medical evidence indicates some degree of back problem combined with pain.

Dr. Myer and other doctors testified to the effect that it was difficult to determine how much pain was due to objective medical conditions and how much was due to other psychological problems. The ALJ noted the possibility of "hysterical overlay" and found that claimant's pain alone or in combination with other physical and mild emotional impairments was of insufficient severity to constitute a "disability" under the Social Security Act.

The record has been painstakingly developed and the ALJ has clearly considered the relevant facts. His findings are supported by substantial evidence and therefore the Secretary's decision will be affirmed.

■ In passing, the court notes that claimant attacks the standard by which the ALJ determined the availability of jobs for which claimant is suited. The courts are not to be concerned about the availability of jobs in the community or even their availability to one with plaintiff's impairment, but only with the question of plaintiff's ability to engage in such activity and availability of such jobs in the national economy. *Brown v. Finch*, 429 F.2d 80 (5th Cir. 1970); *Brown v. Weinberger*, 385 F.Supp. 780 (E.D. Mo.1970) *aff'd* 520 F.2d 1010 (8th Cir. 1975). The Secretary bore his burden of proving that there is some kind of substantial gainful employment which the claimant could perform and that such employment existed in the national and regional economy.

■ Finally, claimant seeks to introduce new evidence for consideration by the court. Generally such evidence would be considered on remand to the Secretary where it adds something to the record which could result in a new finding. Defendant correctly asserts that the new evidence is cumulative and in the case of the "Review-Reopening Decision" and "Appeal Decision" irrelevant to the question of disability under the Social Security Act. No "good cause" has been shown to prompt the court to order additional evidence to be considered or taken by the Secretary. *See Bohms v. Gardner*, 381 F.2d 283, 286 (8th Cir. 1967) *cert. denied* 390 U.S. 964, 88 S.Ct.

1069, 19 L.Ed.2d 1164 (1968); *Bradley v. Califano*, 573 F.2d 28 (10th Cir. 1978).

It is therefore

ORDERED

Affirmed.