Earn DAVIS, Plaintiff-Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 17690.

United States Court of Appeals Sixth Circuit.

May 27, 1968.

William C. Kibbey, Grayson, Ky., for appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on brief for appellee.

Before McCREE and COMBS, Circuit Judges, and WEINMAN, District Judge.

PER CURIAM.

This is an appeal from a judgment of the District Court affirming the Appeals Council of the Department of Health, Education and Welfare, which denied appellant's application for disability insurance benefits and a declaration of disability under the Social Security Act, §§ 223, 216. The only question is whether appellant has the ability "to engage in any substantial gainful activity" within the meaning of § 223(d)(1)(A) of the Act.

Appellant filed an application with the Secretary in 1960, alleging disability from May 1, 1958. The hearing examiner found that, although appellant could not return to strenuous labor, his impairments were not so severe as to render him unable to engage in any substantial gainful activity and denied the application for benefits. Appellant's request for review of the hearing examiner's decision was denied by the Appeals Council. Review was obtained in the District Court and the case was remanded to the Secretary with directions that findings be made as to "what plaintiff can do, and what employment opportunities are there for a man who can do only what plaintiff can do."

A hearing was held following remand and the appellant gave further testimony; a vocational consultant also testified. The consultant listed several jobs available which he believed appellant could perform and for which he could meet employment requirements. He based his statements on appellant's age, work experience, impairments, and limited education. The hearing examiner found that appellant had been unable to engage in substantial gainful activity with any degree of regularity since May, 1958. It was his recommended decision that appellant be found by the Appeals Council to have established that he is entitled to a period of disability and to disability insurance benefits. The recommended decision of the hearing examiner was rejected by the Appeals Council. The decision of the Appeals Council that appellant did not qualify for benefits was reviewed by the District Court and approved. This appeal followed.

The Appeals Council's decision cited 20 CFR § 404.1502(h), which provides that work activity may be "substantial" though it is on a part-time basis and is less responsible or gainful than that in which the claimant was engaged before the onset of his impairment. Appellant does not contest the validity of the regulation. The Council made the following finding:

> "The claimant had the remaining functional capacity to perform * * * many light jobs enumerated by the vocational consultant * * * and a reasonable number of such jobs were available, not only nationally but in claimant's geographical area, throughout such period."

■ Courts are bound by the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g). Appellant's only meritorious argument against the vocational consultant's suggestions as to work activity which he can perform is that, while the jobs may be available nationally, there is no evidence they are available in the vicinity of appellant's residence.

During the pendency of this action, § 223 of the Social Security Act was amended in 1967 to read as follows:

> "[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

The amendment applies to this action. Public Law 90–248, 81 Stat. 821, § 223(e).

■ There is substantial evidence to support the findings of the Appeals Council regardless of this amendment to the Act. In any event, the amendment has nullified appellant's argument that there is no evidence of gainful work opportunities for him in the area in which he lives. The test under the 1967 amendment is whether such work exists in the national economy and "work which exists in the national economy" is defined in the amendment to mean "work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

The Secretary's decision being supported by substantial evidence, the judgment of the District Court is affirmed.