Rayfield MARTIN, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 27622

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Sept. 2, 1969.

Guy C. Faggard, Pascagoula, Miss., Albert Sidney Johnston, Jr., Biloxi, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., Robert M. Heier, Kathryn H. Baldwin, Attys., U. S. Dept of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Rayfield Martin commenced this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1964), to obtain judicial review of the determination by the Secretary of the Department of Health, Education and Welfare that Martin was not entitled under the Act to either a period of disability or disability insurance benefits.[1] See Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423 (1964), *as amended* (Supp. IV, 1969). The Secretary denied Martin's claim on the grounds that Martin's "diagnosed impairments, either singularly or in combination, did not preclude him from performing his usual occupation," and that Martin "was not precluded from engaging in substantial gainful activity by an impairment * * *." Section 205(g) of the Act provides in part that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g) (1964). The function of this Court, therefore, "is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Rome v. Finch, 5

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties thereof in writing. 5 Cir.R. 18; see Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

Cir., 1969, 409 F.2d 1329, 1330; Labee v. Cohen, 5 Cir., 1969, 408 F.2d 998. The District Court granted summary judgment in this case in favor of the Secretary. We agree with the District Court that there is substantial evidence in the agency record which supports the Secretary's finding of no "disability," as that term is now defined in sections 216(i) and 223(d) (1)–(3) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d) (1)–(3) (Supp. IV, 1969). Therefore, we affirm the judgment.

Martin, who is fifty-two years old, claims that he is unable to engage in "any substantial gainful activity" because of the numerous impairments from which he suffers. These impairments, Martin states, include nosebleeds when he works, chronic back sprain, traumatic arthritis, and hypertension. Other than the claimant's own self-serving testimony respecting the existence of these impairments, only the reports of a Dr. Morris, Martin's personal physician, tend to substantiate the claim of disability. Dr. Morris was of the opinion that Martin's hypertension, in combination with his back condition, left the claimant unable to work. The Secretary rejected the diagnosis of hypertension, however, on the ground that "it is totally unsupported by acceptable findings." See 20 C.F.R. §§ 404.1524,– .1526 (1969) (Social Security Administration regulations pertaining to medical evidence of, and conclusion by physician regarding, a claimant's disability.) Instead the Secretary found that Martin suffers from minimal osteoarthritis and the residuals of a medial menisectomy to the right knee, "neither of which has resulted in any significant dysfunction of the musculoskeletal system." These findings were based upon

the reports of two doctors who, in addition to Dr. Morris, examined Martin. As the District Court concluded, these two "competent doctors who examined plaintiff indicated that in their opinion he was able to work. One of these doctors, Dr. Enger, a highly qualified orthopedic surgeon, had treated the plaintiff for one of the conditions on which he relied to establish disability. Surely his diagnosis is entitled to great weight."

When we view the medical testimony in the light most favorable to Martin, see Labee v. Cohen, 5 Cir., 1969, 408 F.2d 998, 1000, we find substantial evidence that Martin is, as the Secretary concluded, "in remarkably good condition for his age." We do not disregard the opinion of Dr. Morris. This opinion, however, at best presents merely a conflict in the evidence which the Secretary resolved against Martin. See Green v. Gardner, 5 Cir., 1968, 391 F.2d 606, 607. That the medical evidence is conflicting does not entitle a claimant to either a period of disability or disability insurance benefits.

■ Martin argues before this Court that his stated inability to find work is evidence that he is unable to engage in "any substantial gainful activity." Within the context of this case, this argument is devoid of merit. Since Martin's claim was pending before the Secretary on January 2, 1968, the amendments to sections 216(i) and 223 of the Social Security Act which became effective on that date are applicable to this claim. Pub.L. No. 90–248, § 158(e), 81 Stat. 821. Work of a "reasonable character" is not the proper criterion, and the job area is not confined to Martin's locality. Social Security Act § 223(d) (2), 42 U.S.C. § 423(d) (2) (Supp. IV, 1969).[2] There-

2. "For purposes of paragraph (1) (A)—
    (A) an individual (except a widow, surviving divorced wife, or widower for purpose of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists

fore, Martin's arguments based upon the vocational standards of disability which were applicable before January 2, 1968, are of no use to his case.

Affirmed.

in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

"(B) A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity."