Forrest GRAY, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant-Appellee.

No. 28203
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1970.

Robert E. Pyle, Lake Alfred, Fla., for plaintiff-appellant.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Morton Hollander, Chief, Appellate Section, William D. Ruckelshaus, Asst. Atty. Gen., Robert M. Heier, Thomas Jay Press, Kathryn H. Baldwin, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pacific Co., 5 Cir.1969, 417 F. 2d 526; Murphy v. Houma Well Service, 5 Cir.1969, 409 F.2d 804; 5th Cir.R. 18.

Forrest Gray commenced this action to obtain judicial review[1] of the determination by the Secretary of the Department of Health, Education and Welfare that Gray was not entitled to disability insurance benefits or to a period of disability[2]. The district court granted summary judgment in favor of the Secretary. We affirm.

Section 205(g) of the Social Security Act provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g) (1964). "The [primary] function of this Court, therefore, is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Martin v. Finch, 5 Cir.1969, 415 F.2d 793; Rome v. Finch, 5 Cir.1969, 409 F.2d 1329, 1330; Labee v. Cohen, 5 Cir.1969, 408 F.2d 998, 1000.

Gray, who is sixty-two years old, contends that he is unable to engage in any substantial gainful activity because of numerous physical infirmities. The medical evidence indicates that Gray is suffering from arthritis of the spine and back, numbness in his right index finger, varicose veins and limpness in his left leg, and a left flat foot. These reports varied in assessing the degree of Gray's infirmities. None, however, indicated any physical condition which prevented Gray from working. Gray presented no evidence other than his own self-serving testimony to support his contention that he was unable to engage in substantial gainful employment. The extensive medical evidence, viewed in the light most favorable to the claimant, shows no more than that Gray cannot do heavy physical labor. See Martin v. Finch, 5 Cir.1969, 415 F.2d 793. There is no showing that he could not do the types of work he had previously done as a draftsman and estimator. On the other hand, there is substantial evidence in the record that in spite of the fact that Gray's doctors have told him that he could work, Gray has made up his mind that he will not do so.

■ Gray argues that his inability to find work is evidence that he is unable to engage in "any substantial gainful activity". Martin v. Finch clearly demonstrates that this contention is without merit.

■ Gray contends that Daniel v. Gardner, 5 Cir.1968, 390 F.2d 32, requires that the Secretary must use vocational testimony to show that a claimant can engage in substantial gainful employment. Gray, however, misconstrues the function and purpose of vocational testimony in a Social Security disability hearing. On the facts of this case, the hearing examiner found that claimant had retained the physical capacity to perform sedentary jobs not requiring arduous physical activity. Gray's jobs of draftsman and estimator were such types of sedentary jobs. Since the hearing examiner concluded that Gray could return to his *former occupation*, vocational testimony was not necessary.

■ After a careful review of the record including the administrative transcript, we agree with the district court that the findings made by the Secretary are supported by substantial evidence and that the Secretary applied the proper legal standards.

The judgment is affirmed.

---

1. Social Security Act § 205(g), 47 U.S.C. § 405(g) (1969).

2. Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423 (1964), as amended, (Supp. IV, 1969).