Marion GOAD, Plaintiff-Appellant,

v.

Robert FINCH, Secretary of Health, Education & Welfare, Defendant-Appellee.

No. 19510.

United States Court of Appeals, Sixth Circuit.

June 1, 1970.

Hugh W. Morgan, Knoxville, Tenn., Kramer, Dye, Greenwood, Johnson &

Rayson, Knoxville, Tenn., of counsel, for appellant.

Edward Wilson, Asst. U. S. Atty., Knoxville, Tenn., John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., on the brief, for appellee.

Before COMBS, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and WILSON, District Judge.

O'SULLIVAN, Senior Circuit Judge.

We consider the appeal of Marion Goad from a judgment of the United States District Court for the Eastern District of Tennessee, Northern Division, which affirmed a decision of the Secretary of Health, Education and Welfare, denying social security benefits to appellant.

Appellant first applied for disability benefits on October 18, 1962, asserting that he had theretofore, due to an "asthma and kidney ailment," become unable to engage in any gainful employment. Appellant was then 53 years old, with only a second or third grade education, and had worked most of his active years as a laborer, principally in the coal mines of Tennessee. After the initial administrative denial, appellant's case was, in June, 1963, submitted to a hearing examiner, Paul M. Cadra, who disposed of the matter upon oral testimony and numerous medical reports. He denied benefits to appellant, saying:

"Upon hearing the testimony, observing the claimant, and in light of the entire evidence of record and of the foregoing considerations, the Hearing Examiner believes and finds that claimant has not established that he had impairments, either singularly or in combination, of such nature or degree of severity as to meet the definition of the term 'disability' as contained in the Social Security Act."

The examiner's decision was issued on August 29, 1963, and upon review it was affirmed by the Appeals Council on March 25, 1964. It thereby became the decision of the Secretary. In the course of his decision, the hearing examiner took occasion to say:

"Thus, on the basis of his application filed on October 18, 1962, the evidence must establish that the claimant was under a disability as defined in the Act beginning on or before January 1, 1963, for entitlement to disability insurance benefits and on or before January 18, 1963, for establishment of a period of disability."

No review of this decision was sought in the United States District Court as permitted by § 405(g) U.S.C. Title 42.

Notwithstanding the foregoing, appellant on September 22, 1966, filed a second application for benefits. While the record is unclear on the point, the asserted justification for the second application was a 1965 amendment to the Social Security Act. Whether justified or not, appellant was given a further full hearing on his 1966 application before a hearing examiner. He was represented at such hearing by Counsel. The hearing examiner, Hugh C. Simpson, denied benefits to appellant. He expressed his view that the 1963 decision of the Secretary was res judicata of appellant's claim, but then went on to conclude:

"That the claimant's current application dated September 22, 1966, as duplicated by another application on December 1, 1966, alleges disability from September 30, 1962, at the age of 52, his date of birth being indicated as February 18, 1909, due to asthma and kidney trouble but was under no medical treatment for an impairment or impairments severe enough to constitute disability under the Social Security Act in effect either before or after the 1965 Amendments commencing while he met the special earnings requirements before December 31, 1962. No legal basis or good cause is shown to exist for reopening the prior decisions on claimant's first application as the evidence presented under claimant's current application was only cumulative and sheds no light upon his mental or physical condition while he met the special earnings requirements on or before December 31, 1962.

\* \* \* \*

"It is the decision of the hearing examiner that the claimant is not entitled, based on his applications filed October 18, 1962, and September 22, 1966, to a period of disability or to disability insurance benefits under the provisions of Sections 216(i) and 223, respectively, of the Social Security Act in effect prior to the Social Security Amendments of 1965, or as amended thereby, and it necessarily follows that his applications should be, and are, hereby denied."

This decision was issued November 27, 1967, and was affirmed by the Appeals Council. It became the decision of the Secretary. Appellant then employed Section 405(g) U.S.C. Title 18 to seek review in the District Court. Upon the Secretary's motion, the matter was remanded for a further hearing, which was had before a third hearing examiner. Appellant and his counsel were invited to offer any further proof that would sustain appellant's claim to relief. Proofs were taken. Thereafter the hearing examiner's decision was announced on August 13, 1968. This decision expressed the view that the earlier decisions of the Secretary were, in part, res judicata of plaintiff's claims, and then concluded:

"That claimant has not shown that commencing on or prior to December 31, 1962, when he last met the earnings requirement, he was precluded from engaging in any substantial gainful activity by reason of a physical or mental impairment or impairments resulting from anatomical, physiological, or psychological abnormalities which were demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"That through at least December 31, 1962, claimant retained the physical and mental capacity to engage in employment of a light and sedentary nature and could have performed any of the several jobs as enumerated in the testimony of the vocational expert."

and further,

"It is the recommended decision of the Hearing Examiner that claimant is not entitled to disability insurance benefits or to a period of disability under the provisions of the Social Security Act, as amended on July 30, 1965, and thereafter, based on his application filed on September 22, 1966."

The matter then was reviewed by the District Judge who granted the Secretary's motion for summary judgment and dismissed the complaint. The District Judge concluded that substantial evidence supported the conclusions of the Secretary and his hearing examiners.

It will be sufficient for us to say that while appellant's claim of total disability found some support in medical reports provided, the following were the conclusions of two of them. Dr. William F. Gallivan concluded:

"I believe it would be safe for this man to perform light manual labor, which avoids strenuous lifting or repetitive bending work. He can perform as much walking, standing or weight bearing exercise as would be expected in a laboring man. I find no indication for specific orthopedic treatment at this time."

Dr. I. Reid Collmann expressed his view of appellant's difficulties as follows:

"This man's pulmonary disease does not appear to be objectively of sufficient nature to restrict him much on activities. Relative to his low back, there is no doubt some disability to heavy lifting or strenuous exercise."

Other doctors recited their findings without expressing opinions as to the ability or inability of appellant to perform light or heavy work. All of the hearing examiners, however, were of the opinion that appellant's disabilities foreclosed his returning to work as a coal miner. In such situation, it was the burden of the Secretary to establish what work could be performed by plaintiff in his lessened capabilities, and to demonstrate that such work was reasonably

available. See discussion in Davidson v. Gardner, 370 F.2d 803 (6th Cir. 1966). A vocational counselor testified that jobs within plaintiff's competence were available in east Tennessee within reasonable distance from plaintiff's home. The examiner, upon his evaluations of what ability remained in appellant and upon the testimony of the vocational counselor, held that the Secretary had met this burden.

The District Judge carefully reviewed the evidence and concluded:

"The Court is bound by the findings of the Hearing Examiner if they are supported by substantial evidence and the Examiner has applied no erroneous legal standard to the evidence. 42 U.S.C. 405(g); Davis v. Gardner, 395 F.2d 681 (C.A.6, 1968); Whitt v. Gardner, 389 F.2d 906 (C.A.6, 1968). The Court finds that no erroneous legal standards were applied and that the findings of the Hearing Examiner are supported by substantial evidence on the record as a whole."

We agree and, therefore, do not consider it necessary to pass upon the question of res adjudicata here raised by the secretary.

Judgment affirmed.