**Georgia L. BROWN, et vir, Plaintiffs-Appellees,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 29268
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 2, 1970.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Kathryn H. Baldwin, Thomas J. Press, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Harold D. Putman, San Antonio, Tex., for plaintiffs-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge.

Georgia L. Brown commenced this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1964), to obtain judicial review of the determination by the Secretary of Health, Education and Welfare that she was not entitled under the Act to either a period of disability or disability insurance benefits. *See* Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423 (1964), as amended (Supp. IV, 1969). The District Court granted a summary judgment in favor of Mrs. Brown and remanded the case to the Secretary with directions that the claimant be granted a period of disability and disability insurance benefits. We reverse the judgment of the District Court.[1]

The Secretary denied Mrs. Brown's claim on the ground that she was not under a "disability," as that term is now defined in sections 216(i) and 223(d) (1)–(3) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d) (1)–(3) (Supp.

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18.

IV, 1969).[2] On a record composed of medical reports introduced by Mrs. Brown's lawyer and the Department of Health, Education and Welfare and testimony by Mrs. Brown herself, the Secretary found that the claimant retained, after an injury to her back, capacity to perform light or sedentary work at, for example, her former job at a department store, although in a less responsible position, the job of usher or cashier in a theater, and the job of desk clerk in a hotel or motel. Administrative notice was taken that the cited jobs were, by common knowledge, light and sedentary in nature and existed in the San Antonio, Texas, area where Mrs. Brown lived. The Secretary concluded that Mrs. Brown did not suffer from "impairments, mental or physical, the severity of which is a dimension sufficient to compel claimant's complete and involuntary withdrawal from the working economy" and, accordingly, denied her claim. This action in the District Court followed.

The District Court, on the parties' motions for summary judgment, concluded that the medical reports in the administrative record did not constitute substantial evidence. In addition, it found that there was "no evidence whatsoever of the availability of jobs for Mrs. Brown taking into consideration her physical problems." On these grounds the District Judge held that the claimant was unable to perform any substantial gainful activity by reason of a medically determinable physical impairment and was, therefore, entitled to disability benefits under the Social Security Act.

■ A trial de novo was not conducted in the District Court, and the District Judge's "findings" are not subject to review under the clearly erroneous standard of Rule 52(a), Fed.R. Civ.P. Knox v. Finch, 5 Cir., 1970, 427

F.2d 919. In cases such as this, the function of the trial and appellate courts "is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Cross v. Finch, 5 Cir., 1970, 427 F.2d 406; Martin v. Finch, 5 Cir., 1969, 415 F.2d 793; see Gray v. Secretary of Health, Education and Welfare, 5 Cir., 1970, 421 F.2d 638; Rome v. Finch, 5 Cir., 1969, 409 F.2d 1329. Of course, we also decide whether the Secretary used proper standards in reaching his decision. Knox v. Finch, 5 Cir., 1970, 427 F.2d 919.

■ After a careful review of the record in this case, including the administrative transcript, we agree with the Secretary that there is ample evidence to support his finding that Mrs. Brown is able to engage in light work and is not, therefore, disabled within the meaning of the Social Security Act. We also conclude that the Secretary applied proper legal standards to the determination of Mrs. Brown's claim. Resolution of conflicts in the evidence is solely within the province of the Secretary. Burdett v. Finch, 5 Cir., 1970, 425 F.2d 687; Martin v. Finch, 5 Cir., 1969, 415 F.2d 793, 794. Substantial evidence supports the findings that Mrs. Brown can perform various jobs. We think it was quite proper for the Secretary to take administrative notice that these jobs were light and sedentary in nature and existed in the national economy. Breaux v. Finch, 5 Cir., 1970, 421 F.2d 687, 689; see 2 Davis, Administrative Law § 16.11 (1958). Work of a "reasonable character" is not the proper criterion to the determination whether a claimant is disabled, and the job area is not confined to the claimant's locality. Martin v. Finch, 5 Cir., 1969, 415 F.2d 793, 794. Moreover, the relevant inquiry is not whether the claimant is able to obtain employment at some substantial gainful activity that exists in the national econ-

2. Since Mrs. Brown's claim was pending before the Secretary on January 2, 1968, the amendments to sections 216(i) and 223 of the Social Security Act which be-

came effective on that date are applicable to this claim. Pub.L.No. 90–248, § 158(e), 81 Stat. 821.

omy, but whether the claimant is able to engage in such activity. Mrs. Brown's reliance upon the vocational standards of disability which were applicable before the Social Security Act was amended in January 1968, is, therefore, misplaced. *Id.* at 794–795.

■ That all the medical evidence in this case was submitted in the form of written reports does not require a holding in favor of Mrs. Brown under this Court's decision in Cohen v. Perales, 5 Cir., 1969, 412 F.2d 44, rehearing denied, 416 F.2d 1250, since the preconditions to the *Perales* result are not present here. For example, the reports were not contradicted by the testimony of "live medical witnesses." Cross v. Finch, 5 Cir., 1970, 427 F.2d 406; Breaux v. Finch, 5 Cir., 1970, 421 F.2d 687, 689. Therefore, the District Court erred in concluding that *Perales* deprived the reports of the quality of substantial evidence.

■ The disability claimant seeking to overcome an adverse determination by the Secretary on the merits of his claim faces a difficult task in the federal courts. We conclude that the District Court erroneously set aside the Secretary's decision in this case.

Reversed.