**Philip G. MILLER, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

**No. 19813.**

United States Court of Appeals, Eighth Circuit.

Aug. 3, 1970.

Irvin B. Nodland, of Thompson, Lundberg & Nodland, Bismarck, N. D., for appellant.

Thomas J. Press, Atty., Dept. of Justice, Washington, D. C., for appellee; William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander and Robert M. Heier, Attys., Washington, D. C., and Harold O. Bullis, U. S. Atty., Fargo, N. D., on the brief.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Philip G. Miller, claimant and appellant herein, takes this appeal from the judgment of the District Court for the District of North Dakota entered March 25, 1969 affirming a decision of the Secretary of Health, Education and Welfare, denying his application for disability benefits under the Social Security Act.

We think the dispositive issue here is whether there is substantial evidence to support the findings of the Secretary. Collateral arguments are made and will be briefly discussed, but inasmuch as we find, as did the district court, that there is substantial evidence to support the findings of the Secretary to the effect that claimant is not entitled to benefits under the Act, we affirm the judgment of the district court.

When this case was originally appealed to the district court, it was, upon claimant's motion, remanded to the Secretary for the taking of additional evidence. This was done and this appeal followed, whereupon both parties filed motions for summary judgment and judgment was entered by the district court affirming the decision of the Secretary.

Claimant was born May 6, 1916. He worked on his father's farm until he was married and then rented a farm of his own which he worked for about four years. Thereafter he was employed in various capacities as a construction worker, truck driver, warehouse worker, city bus driver, gas station attendant and salesman. He then was employed by the Department of the Army for which he worked ten years. At the time of this employment, he was engaged in work as a heavy equipment operator. In June of 1964 it was ascertained that he had a heart disease which was diagnosed as arteriosclerotic with angina. He was hospitalized in June of 1964 for a period of ten days and then resumed work, but after one year Dr. Paul F. Klosterman, his personal physician, concluded that it was not safe for him to continue such

strenuous work. Claimant applied for and received civil service disability payments which he has continued to draw and which presently are at the rate of $184.12 per month. Claimant has since that time worked briefly as a salesman, hotel desk clerk and chauffeur, and a few times he has accompanied the local sheriff on trips to return prisoners.

At both evidentiary hearings, testimony and records of physicians, including claimant's personal physician, Dr. Klosterman, were to the effect that claimant's heart condition does not prevent him from engaging in light or sedentary work.[1] This conclusion was corroborated by Dr. R. W. Fricke. In fact, Dr. Klosterman observed that light work might serve a therapeutic function.[2] A vocational expert testified at both hearings that taking into consideration claimant's age, education, work experience and physical impairment, there were jobs existing in the national economy which he could perform including some he had performed. Examinations and tests of claimant were conducted over a two-week period at the University of North Dakota Vocational and Occupational Therapy Departments which revealed that claimant is qualified for many kinds of employment. The recommendation was made that he obtain such employment within the limits allowed by his heart condition.

Claimant states in his brief that "the principal issue on appeal is whether the District Court erred in placing the burden of proof on the plaintiff in view of his uncontroverted showing that because of his determinable physical disability he is unable to engage in his past occupation." He argues that he met the burden of proof when he showed a medically determinable disability which prevents him from engaging in his past occupation as a heavy equipment operator. He further argues that the burden of proof shifts after showing his disability to perform his past occupation, thus making it incumbent upon the Secretary not only to show that claimant can engage in some substantial employment but that such employment is in fact available.

Claimant has misconstrued the law, and particularly the Social Security Amendments of 1967. These 1967 Amendments are applicable to this case which was pending before the Secretary at the effective date thereof. Martin v. Finch, 415 F.2d 793, 794 (5th Cir. 1969); Wright v. Gardner, 403 F.2d 646, 647 (7th Cir. 1968).

The burden of proof has always been on the claimant to establish his right to disability benefits. This has

---

1. Dr. Paul F. Klosterman, claimant's personal physician, testified as follows:
   "Q. You also reported that compatible with his condition, he can engage in light to sedentary work, and you consistently reported that. Is that correct?
   "A. I believe that's correct."

2. Dr. Klosterman further testified:
   "Q. In the previous Hearing Examiner's decision there is a comment that work may sometimes have a therapeutic value for someone who suffers from the impairment Mr. Miller has. Would you concur with that statement, as a general proposition?
   "A. Yes, to the extent that having something to do, I suppose, is good for him, something that he can do comfortably within the limits of his impairment.

"Q. In Mr. Miller's case, would you feel that driving an automobile for someone else in a sort of chauffeur type of position would be inconsistent, or would be within the physical limitations of what he might do?
"A. I think that would be.
"Q. Would it be consistent that he might, for example, accompany someone else who by rule or regulation must have somebody accompanying him in the performance of his duties that were merely a matter of fulfilling the requirements. I spoke to you of this earlier in connection with accompanying Del Brandenberg, the Burleigh County sheriff, and this would not, would it, be beyond what he is able to do, as a general proposition?
"A. I believe that would be all right."

been the law both prior and subsequent to the 1967 Amendments.[3] In Johnson v. Gardner, 401 F.2d 518, 519 (8th Cir. 1968), this court said:

> "The claimant has the burden of establishing his claim. The Secretary's findings and the reasonable inferences to be drawn therefrom are conclusive if they are supported by substantial evidence. Credibility determinations rest with the Secretary. (Citing cases.)"

There is no shifting of the burden of proof, but in any case it would not matter as the evidence here justified the Secretary's decision.

■ It seems to be indicated by claimant's brief that he is under the impression that the Secretary is required to show that jobs exist within a reasonable distance from claimant's home and that claimant would be employed if he applied for such jobs. The law does not require this. Under the Act a person is not disabled entitling him to payments if he can engage in any other kind of substantial gainful work which exists in the national economy. The statute under the 1967 Amendments, 42 U.S.C.A. § 423(d) (1), defines "disability" as follows:

> "(d) (1) The term 'disability' means—
>
> "(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or * * *
>
> "(2) For purposes of paragraph (1) (A)—
>
> "(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments

are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

A recent decision of the Fourth Circuit, Gentile v. Finch, 423 F.2d 244, 246 (4th Cir. 1970), held that the language of the amendments must be given its plain meaning, and further pointed out that the legislative history of the amended definition of disability supports construction of the statute in accordance with its terms. Thus, it is not necessary that a showing be made that jobs must exist in the immediate area where the claimant lives. Excerpts from the House and Senate Reports are set out in *Gentile* and we will not repeat them. Other cases supportive of this interpretation are Martin v. Finch, *supra*; Wright v. Gardner, *supra*.

In passing upon appeals such as this, we are limited by 42 U.S.C.A. § 405(g) which states in pertinent part: "* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *" See Reams v. Finch, 428 F.2d 1225 (8th Cir. 1970).

■ Since we find that there was substantial medical evidence to support the Secretary's conclusion that claimant was not entitled to disability benefits, we have no alternative but to affirm the judgment of the district court.

---

3. See Easttam v. Secretary, 364 F.2d 509, 511 (8th Cir. 1966), where the court said that "the claimant has the burden of establishing his claim. * * *"