Mrs. Joyce H. **HULSEY**, Plaintiff,

v.

**Elliott L. RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 13847.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 18, 1971.

William I. Aynes, of Aynes, Feldman & Genins, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., N. D. Ga., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This is a suit by the plaintiff against the Secretary of Health, Education and Welfare under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to re-

view a final decision of the Secretary that plaintiff was not entitled to a period of disability or to disability insurance benefits. (See Social Security Act §§ 216(i), 223; 42 U.S.C. §§ 416(i), 423.) Defendant has moved for summary judgment based on the administrative record, arguing that there is substantial evidence in the record to support the Secretary's decision. No response has been filed by the plaintiff pursuant to Local Rule 8(b) of this Court.

The Secretary denied Mrs. Hulsey's claim on the ground that her diagnosed impairments "singly or in combination, were not of sufficient severity so as to preclude her from engaging in substantial gainful activity * * * " The sole function of this Court is to determine whether there is substantial evidence in the record to support the Secretary's finding. (See 42 U.S.C. § 405(g); Martin v. Finch, 415 F.2d 793 (5th Cir. 1969); Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969).

Plaintiff claims she is unable to engage in any substantial gainful activity because of a back ailment which causes her a certain amount of pain while standing, sitting and otherwise performing normal bodily functions. Aside from plaintiff's own testimony regarding her condition, reports and testimony of several physicians were presented and considered by the hearing examiner. Dr. John M. Roberts, a specialist in orthopedic surgery, examined the plaintiff on several occasions and submitted a report indicating his diagnosis to be that of a degenerative disc in the lower back. Dr. Stanley Gregoroff, a practitioner in internal medicine, also examined the plaintiff on several occasions and, partly on the basis of Dr. Roberts' report and orthopedic tests, diagnosed plaintiff's ailment to be a degenerative disc. Dr.

Gregoroff testified that, in his opinion, plaintiff's condition precluded her from engaging in any substantial gainful activity. Dr. Warner Wood, a specialist in orthopedic surgery, examined the plaintiff on one occasion, considered the opinions and reports of Drs. Roberts and Gregoroff and made essentially the same diagnosis. Dr. Wood, however, testified by deposition that, in his opinion, the plaintiff's condition was not of such severity as to preclude her from engaging in gainful employment. It does not appear in the record that Dr. Roberts directly expressed an opinion as to whether plaintiff's condition would preclude her from engaging in substantial gainful activity. Based on the medical and other evidence, Mrs. Lorena R. Meeks, a vocational expert, testified that there were available jobs in the Atlanta area which plaintiff would be able to perform.

It appears in the record, and the hearing examiner noted, that all the physicians are essentially agreed as to the diagnosis of plaintiff's back ailment. There exists, however, a conflict of medical opinion as to the severity of the condition and its effect on plaintiff's ability to engage in gainful activity. After an exhaustive examination of all the evidence, the hearing examiner resolved the conflict against the plaintiff. It is not the function of this Court to reweigh the evidence but to determine whether there is substantial evidence in the record to support the Secretary's decision. The Court finds that the hearing examiner considered all the evidence, thoroughly analyzed the medical reports and testimony, and applied the proper legal standards in reaching his decision. There is substantial evidence in the record to support the decision; accordingly, the final decision of the Secretary is affirmed, and the defendant's motion for summary judgment is granted.