**Howard W. HEARD, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellant.**

No. 30212.

United States Court of Appeals, Fifth Circuit.

March 5, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

** See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

The trial court erred in making findings of fact [1] in conflict with findings by the Secretary thus substantially supported on the record as a whole. See Brown v. Finch, 5 Cir., dec. July 2, 1970, 429 F.2d 80; Knox v. Finch, 5 Cir., dec. June 12, 1970, 427 F.2d 919.

The judgment is reversed and the case is remanded to the trial court for entry of judgment for the Secretary.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Kathryn H. Baldwin, J. F. Bishop, Dept. of Justice, Washington, D. C., for appellant.

Fredrick L. Rice, Jacksonville, Fla., for appellee.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This case involves the standard of review by a district court of a determination of fact by the Secretary bearing on the entitlement of a covered person of 65 years of age to old age social security benefits. It is plain on the record here that there was substantial evidence to support the Secretary's findings that the retiree's income from salary and self employment equalled the salary paid to him by his corporation, set up to take over his sole proprietorship at age 65, the salary paid to his wife who did no substantial work, plus the profits remaining in the corporation at the end of the accounting period.

---

1. The trial court found that the retiree, after incorporation, performed "markedly restricted services," whereas the Secretary found as a fact that "claimant's work activities in the store are substantially the same since incorporation as they were prior thereto. * * * "

It is not disputed that the volume of business and sales were also substantially the same after incorporation.

