Frederick W. COPELAND, Plaintiff,

v.

SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.

No. 70–7–Civ–Oc.

United States District Court, M. D. Florida, Jacksonville Division.

Jan. 13, 1972.

**518**

Frederick W. Copeland, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., for defendant.

### ORDER

CHARLES R. SCOTT, District Judge.

Plaintiff initially filed suit in this Court on May 25, 1970, seeking certain disability insurance benefits. Defendant filed herein on January 5, 1971, a motion for summary judgment which was granted by order of this Court on May 7, 1971. Subsequently, plaintiff, a *pro se* petitioner, moved for a rehearing on May 20, 1971, and, then, a motion for summary judgment in a pleading filed herein August 13, 1971. The Court here deems the motion for rehearing as one to vacate and set aside the order previously entered which granted summary judgment in favor of the defendant.

Upon an extensive review and examination of the record of proceedings filed herein by defendant on October 1, 1970, it is clear that, with regard to the onset date of disability, the hearing examiner's decision of February 13, 1970, which was finalized and approved by the Appeals Council by letter to plaintiff of May 5, 1970, is a decision not supported by substantial evidence. *See* 42 U.S.C. § 405(g). Consequently, this Court will hereinafter vacate and set aside the summary judgment in favor of defendant previously entered May 7, 1971, and will hereinafter enter a summary judgment in favor of plaintiff.

The record before this Court reflects, when viewed in a light most favorable to defendant, that the total net proceeds of plaintiff's self-employment income between January 1, 1969, and July 23, 1969, was five hundred dollars ($500.00) (transcript at 137). However, the testimony taken orally before the hearing examiner on February 10, 1970, reflects that the net figure for 1969 was "about $150" (transcript at 49). There is hardly a scintilla of evidence which gives rise to even an inference that plaintiff had any potential ability to engage in substantial gainful activity, as defined by criteria prescribed by the Secretary, beyond that which he utilized in generating the five hundred dollars ($500.00) of income. Thus, the purpose of the act is defeated in this case by a ruling that the onset date of disability is July 23, 1969. 1967 U.S.Code Cong. & Ad.News at 2883. Indeed, it is shocking to the conscience of this Court that an administrative agency would rule that the generation of a total of $500.00 of income over a six month period substantially evidences a capacity to engage in substantial gainful activity.

In reaching this conclusion this Court is not reweighing the evidence but, rather, is determining that substantial evidence does not support the Secretary's decision. Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970).

Therefore, it is

Ordered:

1. Plaintiff's motion for rehearing, filed herein May 20, 1971, is granted; and this Court's order of May 7, 1971, which granted defendant's motion for summary judgment, is hereby vacated and set aside.

2. The decision of the Secretary of May 5, 1970, is hereby modified to the limited extent of the determination of the onset date of plaintiff's disability.

3. The onset date of plaintiff's disability, as defined in the Social Security Act, as amended, is determined to be January 1, 1969.

4. Plaintiff's motion for summary judgment, filed herein August 13, 1971, is hereby granted.