**Andrew LAFONT**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

Civ. A. No. 72–2886.

United States District Court,
E. D. Louisiana.

Sept. 19, 1973.

Henry L. Klein, of Windhorst, Heisler, DeLaup & Wysocki, New Orleans, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., and Ronald Fonseca, Asst. U. S. Atty., New Orleans, La., for defendant.

COMISKEY, District Judge.

This case involves an appeal by the plaintiff from a final decision of the Secretary of Health, Education and Welfare pursuant to the provisions of 42 U. S.C.A. § 405(g). It is before the Court today on a motion for summary judgment by the defendant. No dispute exists between the parties as to any of the material facts. The plaintiff was found to be unable to return to his former employment as a general laborer in a pumping plant due to a back injury which occurred on April 13, 1971. The plaintiff's work history revealed that he has engaged in various types of labor which included unskilled laborer, house painter, truck driver and simple maintenance work. The plaintiff dropped out of school in the seventh grade and was forty-nine years of age at the time of the hearing. He is a resident of Golden Meadow, Louisiana which is approximately sixty to seventy miles from New Orleans. The Examiner found that

plaintiff's back injury prevented him from returning to his former occupation but that he was capable of performing substantial gainful activity of a light and sedentary nature. The Examiner, based on the testimony given by a vocational expert, found that such work was not available in the Golden Meadow area but that it did exist in the Metropolitan New Orleans area. Therefore, the Secretary found that the plaintiff did not meet the disability test set out in 42 U.S.C.A. § 423(d)(2)(A) as amended in 1968 and denied benefits.

■ The Secretary's findings as to the plaintiff's present physical condition, the type of work which he is capable of performing and its availability in plaintiff's local area are supported by substantial evidence in the record. The sole issue raised by this appeal is whether the legal conclusions drawn by the Secretary in interpreting 42 U.S.C.A. § 423(d)(2)(A) are correct. The Secretary concluded that the plaintiff was not disabled within the purview of the Social Security Act as long as substantial gainful activity was available in the Metropolitan New Orleans area sixty to seventy miles from plaintiff's home. Plaintiff argues that the incorrect geographic test was applied and that it is unreasonable to require him to travel this distance twice daily.

The pertinent provision of 42 U.S.C.A. § 423(d)(2)(A) reads as follows:

"An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

■ This statute was amended by Congress in Pub.L. No. 90–248 §

158(d)(2) (1968), 81 Stat. 821. An examination of the legislative history reveals the congressional reasons behind this amendment. Congress had become concerned over the rising costs necessary to administer the Social Security disability program. Reports and investigations revealed that the rising costs were related together with other facts to the way in which the definition of disability had been interpreted. Congress therefore set out to more precisely define the criteria necessary to qualify for disability benefits. Reports from the Social Security Administration revealed that court decisions in some jurisdictions had narrowed the geographic areas in which jobs the person could perform must exist to within a reasonable commuting distance from the home rather than to within the national economy. In order to remedy this situation Congress chose to redirect the emphasis to disability determination to the predominant importance of medical factors. The original disability provision was designed to provide benefits only to workers who were so severely disabled that they were unable to engage in any substantial gainful activity. Therefore, in order to more precisely define and limit disability determination the claimant should show that due to his physical state and considering his age, education and experience he lacks the ability to engage in any substantial gainful work that exists in the *national economy* regardless of whether such work exists in his locale or whether he would be hired to perform it. Such criteria as work in one's locale or his chances of being hired might be determinative in relation to other forms of protection such as workman's compensation or unemployment insurance, but are not found to be pertinent to the definition of disability under this provision. Congress intended to provide a rule of uniform applicability regardless of the area in which this claimant might live.

This question is not new in the Fifth Circuit. In King v. Finch, 5 Cir., 1970, 428 F.2d 709, 711 the court said,

"Under the 1967 amendments, it is now clear that the standard for disability is a stringent one. An applicant must be unable to engage in 'any . . . substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.' Before the passage of this amendment the courts tended to read the disability standard far more broadly."

Brown v. Finch, 5 Cir., 1969, 415 F.2d 793 and Martin v. Finch, 5 Cir. 1969, 415 F.2d 793 reiterate this same interpretation. Nor is this position unique to this circuit. Davis v. Gardner, 6 Cir. 1968, 395 F.2d 681, Wright v. Gardner, 7 Cir., 1968, 403 F.2d 646, Osborne v. Cohen, 6 Cir. 1969, 409 F.2d 37, Miller v. Finch, 8 Cir., 1970, 430 F.2d 321 have all found the geographic area to extend to the national economy rather than to the claimant's locale.

Therefore the defendant's motion for summary judgment is hereby granted and the case is dismissed.