Ellsworth SWENSON, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

No. Civ. 4–74–156.

United States District Court, D. Minnesota, Fourth Division.

June 24, 1975.

---

20. The increment in *Dorfman* and *Blank* was 50%.

Keith B. Davis, Plymouth Village, Minn., for plaintiff.

Robert G. Renner by Daniel Scott, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## ORDER

MILES W. LORD, District Judge.

Before this Court are cross motions for summary judgment. The plaintiff, a claimant for disability benefits under the Social Security Act, commenced this action under 42 U.S.C. § 405(g) within 60 days after the Appeals Council upheld the Hearing Examiner's denial of benefits for the period after December 1971. The plaintiff claims to be entitled to benefits by reason of severe back problems from which he has suffered since 1969.

To qualify for disability insurance benefits under 42 U.S.C. § 423, an individual must meet the insured status requirement of that section, be under age 65, file an application for disability insurance benefits, and be under a "disability" as defined in the Act. The term "disability" is defined in § 423 to mean:

(d)(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . .

(2) For purposes of paragraph (1)(A)—

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual) "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

. . . . .

(3) For the purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The pertinent facts in this case can be summarized as follows. Plaintiff is a thirty-seven year old married male with a wife and six children. His general occupation during most of his adult life was that of assembler, laborer and weld finisher. His main complaint has been an injured back. He has had back surgery on two separate occasions: June 1970 and May 1971. On October 20, 1971, plaintiff filed for but was denied disability insurance benefits under the Social Security Act, 42 U.S.C. § 423 as amended (1972). On February 9, 1972, plaintiff again sought these benefits. At this time he was granted a closed period of disability from March 1970 until October

1971. Plaintiff filed a request for reconsideration. A hearing was held on this determination before the Honorable Harold H. Fischer, Administrative Law Judge, on May 14, 1973. On August 15, 1973, Judge Fischer entered a decision setting the termination of benefits in December 1971. This decision was affirmed by the Social Security Administration Appeals Council on June 24, 1974. It is this decision from which plaintiff appeals to this Court.

Section 405(g) of the Social Security Act restricts this Court to ruling whether or not the administrative determination is supported by "substantial evidence." For the reason hereinafter stated, it is the opinion of this Court that the decision of the Administrative Law Judge must be affirmed.

█ The facts disclose a back injury. The facts further disclose two operations and an average recovery. While there is no doubt that there is residual disability, there is sufficient evidence (as defined in *Goodin v. Secretary of Health, Education and Welfare,* No. 74–1712 (8th Cir. filed January 15, 1975), *quoting Richardson, Secretary v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971) ) to conclude that plaintiff was able to perform substantially gainful activity.

Plaintiff's own physician, Dr. Wengler, stated that the plaintiff was approved to return to light work on April 5, 1973. This decision was made in light of all the facts, including the fact that immediately after plaintiff returned to work on January 3, 1972, he missed one or two days a week due to back pain. Plaintiff's attorney makes a great deal of Dr. Wengler's letter of May 17, 1972, in which he withdrew his earlier qualified approval of plaintiff's going back to work. But he fails to consider the fact which is set out in his own brief wherein he points out that on April 5, 1973, Dr. Wengler approved a return to light work. And it is plaintiff who unequivocally states that:

. . . the only person other than the Plaintiff clearly qualified to give evidence of the existence, degree, and disabling effect of Plaintiff's back injury . . . was Doctor Wengler.

Plaintiff alleges error in the finding of the Administrative Law Judge on the following points. (1) He alleges that the Administrative Law Judge proceeded from a false premise, i. e., that the fact of a return to work is axiomatic proof of ability to work. This Court does not find this to be the case since the Administrative Law Judge considered this, not alone, but along with all other aspects of the record. (2) Plaintiff further alleges that the Administrative Law Judge erred in not making the reasonable inference, that plaintiff could not work, from the fact that plaintiff was unable to work full time even when the work was light. The Administrative Law Judge did not err here because when one considers the other evidence, the final statement of the doctor, the fact that plaintiff was employed from January to May of 1972, etc., the inference that plaintiff could not work is not the only reasonable one.

Basically plaintiff relies exclusively on the fact that when he returned to light work on January 3, 1972, he missed days at a time due to back pain. This reliance on one portion of the record to the disregard of overwhelming evidence to the contrary has been specifically criticized by the Courts. *Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir. filed June 11, 1974), *citing with approval Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).

█ Throughout his brief, plaintiff has mischaracterized who has the burden of proof in cases such as these. For example, on page six he states that there is no reason to believe that doing light work would have improved plaintiff's condition. This is a relevant statement if the burden is on the government to prove that plaintiff is able to work. The opposite is true, however. *Miller v. Finch,* 430 F.2d 321 (8th Cir. 1970); *Celebrezze v. Bolas,* 316 F.2d 498 (8th Cir. 1963). This same argument is applicable to the statement at page seven of plaintiff's brief wherein he states that "There is no reason to believe that the approval of the April 5, 1973 letter [saying plaintiff could return to light work] would not meet the same fate and also have to be withdrawn."

The burden is on the plaintiff to prove this, not on the government to disprove it.

The Court cannot say that the Appeals Council did not come to a permissible conclusion or that its findings are not supported by substantial evidence. There is nothing here to suggest that the challenged administrative decision was arbitrary or that it stemmed from an erroneous view of the law. Accordingly, the decision of the Secretary is upheld.

IT IS SO ORDERED.