Wade KNOTT, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 77–1854
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1977.

B. J. Manuel, Daniel J. McGee, Mamou,
La., for plaintiff-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Edward L. Shaheen, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge.

Plaintiff Wade Knott appeals pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), from a denial by defendant Secretary of Health, Education and Welfare of his claim for disability insurance benefits. The district court sustained the denial by granting defendant's motion for summary judgment. We affirm.

Knott is a 64-year-old resident of Arnaudville, Louisiana. He is uneducated. He finished the second grade and part of the third, but writes only well enough to sign his name. He is unable to read a newspaper. As a youngster, Knott farmed cotton with his parents, but, according to his testimony, he left the farm to join the Army, where he attained the rank of sergeant in the infantry. Following his military service, he worked some twenty years as a deckhand aboard dredgeboats, tugboats, and a riverboat until July 3, 1972, when he injured his left hand while working on a boat.

As a result of that injury, Knott entered St. Luke General Hospital in Arnaudville on August 4, 1972. There he underwent surgery for removal of a ganglion from the dorsal aspect of his left hand and for tenosynovitis (inflammation of tendon sheaths). Knott continued to complain of pain, and on October 10, 1972, he underwent a second operation for excision of a neuroma of the superficial branch of the radial nerve of the left wrist.

On August 13, 1973, Knott applied for Social Security disability insurance benefits as provided for in Sections 223(a) and (c) of the Social Security Act, 42 U.S.C. §§ 423(a) and (c), alleging that he became unable to work on July 4, 1972, the day after his accident. Pursuant to Section 221 of the Act, 42 U.S.C. § 421, the Louisiana Division of Vocational Rehabilitation found no disability. The Bureau of Disability Insurance of the Social Security Administration then considered the application, denied it, reconsidered it, and denied it again. A hearing was held on September 20, 1974, and an administrative law judge, after considering the case de novo, also found no disability within the meaning of Sections 216(i)(1)(A) and 223(d)(1)(A) of the Social Security Act, 42 U.S.C. §§ 416(i)(1)(A) and 423(d)(1)(A). On appeal the Appeals Council remanded the case to the administrative law judge because of insufficient evidence to support the decision. On July 2, 1975, a second hearing was held and the administrative law judge once again found no disability. The Appeals Council affirmed on January 26, 1976, and the administrative law judge's decision became the final decision of the Secretary. Knott then sought review in the district court, which granted defendant's motion for summary judgment.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The only issue before this Court, then, is whether substantial evidence supports the final decision of the Secretary on the question of disability. *Rivas v. Weinberger*, 5 Cir., 1973, 475 F.2d 255, 257–58, describes our role in reaching this determination:

Our function in reviewing fact findings of the Secretary is limited to determining whether there is substantial evidence in the record, considered as a whole, to support them. 42 U.S.C.A. § 405(g); *see Ward v. Celebrezze*, 5th Cir. 1963, 311 F.2d 115, 116. Substantial evidence is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one

of fact for the jury." *Breaux v. Finch,* 5th Cir. 1970, 421 F.2d 687; *see* 4 K. Davis, Administrative Law Treatise § 29.-02 (1953).

*See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Hemphill v. Weinberger,* 5 Cir., 1973, 483 F.2d 1137, 1139. In short, our role is limited. We cannot reweigh the evidence or substitute our judgment for that of the Secretary. *Goodman v. Richardson,* 5 Cir., 1971, 448 F.2d 388, 389. *See Richardson v. Richardson,* 5 Cir., 1970, 437 F.2d 109; *Cooper v. Finch,* 5 Cir., 1970, 433 F.2d 315, 316–17; *Brown v. Finch,* 5 Cir., 1970, 429 F.2d 80, 82; *Rome v. Finch,* 5 Cir., 1969, 409 F.2d 1329, 1330, *cert. denied,* 396 U.S. 943, 90 S.Ct. 379, 24 L.Ed.2d 244 (1969). Applying this standard to the instant case, we find that substantial evidence supports the Secretary's decision.

To be eligible for disability insurance benefits, a claimant must establish

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A). *See id.* § 416(i)(1)(A). Moreover,

an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

There is little question that Wade Knott's left hand is substantially useless. Four physicians—Drs. Bolin, Mayer, Morrow, and Snatic—all found that Knott has lost function of the thumb and index finger of his left hand. The administrative law judge, after shaking left hands with Knott at the second hearing on July 2, 1975, observed that Knott "demonstrated useful strength in the small finger and ring finger on the left hand, but practically no useful strength in his index and long finger or thumb, and no opposition strength of the thumb against the small finger." Record at 12. Knott testified that he continues to experience pain in his left hand, particularly after attempting to use it, and that he takes prescription drugs on an irregular basis for the pain. Neither party seriously disputes these facts nor denies that Knott, at least at the present time, is incapable of working as a boat deckhand or at any job which requires use of his left hand.

Once a claimant demonstrates that he is unable to perform his previous work, the burden shifts to the Secretary to show that the claimant is capable of engaging in other substantial gainful activity. *DeMandre v. Weinberger,* E.D.La., 1976, 414 F.Supp. 784, 787, *citing Stark v. Weinberger,* 7 Cir., 1974, 497 F.2d 1092, *DePaepe v. Richardson,* 5 Cir., 1972, 464 F.2d 92, *Trice v. Weinberger,* N.D.Ga., 1975, 392 F.Supp. 1193. The Secretary has successfully sustained this burden. The evidence shows that Knott is right-handed. He possesses a healthy right hand with an unusually strong grip. With the exception of his injured left hand, his physical, mental, and emotional health is good. Knott is 5 feet 5 inches tall and weighs approximately 175 pounds. He testified that he works in his yard, tends a small garden, assists his son in cutting the grass, and drives an automobile. He described his appetite as "good" and his sleep as "not too bad." Record at 69.

282

While it is true, therefore, that Knott is "an illiterate 64-year-old . . . who . . . is no longer able to perform his lifelong duties as a deckhand," Appellant's Supplemental Brief at 1, this does not mean that in his present state of reasonably good health he cannot hold other employment. At the second administrative hearing on July 2, 1975, a vocational expert with a Ph.D in clinical psychology testified that, considering Knott's age, education, and work experience, he could perform a number of jobs presently existing in the economy in spite of his injured left hand. These jobs include machinery shop hand, camp hand for an oil company or marine exploration company, punch press operator, flagman for the highway department, school crossing guard, restricted parking lot attendant, dump truck driver in a rural area, fire watchman, night watchman, daytime property watchman, and general custodial work. Knott himself testified that "if somebody would hire me, I'm willing to do any kind of work." Record at 51.

In response to this evidence, Knott argues that the Secretary has the burden of showing that these types of employment are actually available to him in the vicinity of his residence in Arnaudville. The Social Security Act provides otherwise. Section 223(d)(2)(A) of the Act, 42 U.S.C. § 423(d)(2)(A), states that in order to be considered disabled, one must be unable to do his previous work and to "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." The section also provides that "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." In construing this section of the Act, we have held that the relevant job area is not confined to the claimant's locality. *Brown v. Finch*, 5 Cir., 1970, 429 F.2d 80, 82, *citing Martin v. Finch*, 5 Cir., 1969, 415 F.2d 793, 794. *See, e. g., King v. Finch*,

5 Cir., 1970, 428 F.2d 709, 711; *Lafont v. Secretary of Health, Education and Welfare*, E.D.La., 1973, 363 F.Supp. 443, 444–45. *See also, e. g., Miller v. Finch*, 8 Cir., 1970, 430 F.2d 321, 324; *Osborne v. Cohen*, 6 Cir., 1969, 409 F.2d 37, 39; *Wright v. Gardner*, 7 Cir., 1968, 403 F.2d 646, 647; *Davis v. Gardner*, 6 Cir., 1968, 395 F.2d 681, 682. Knott's argument is therefore without merit.

Since substantial evidence supports the Secretary's decision, the judgment of the district court is

AFFIRMED.